[No. D009697. Fourth Dist., Div. One. Nov. 30, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE LUIS GARCIA, Defendant and Appellant.

234

**COUNSEL**

Michael McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

HUFFMAN, J.—A jury convicted Jose Luis Garcia of burglary of an inhabited dwelling (Pen. Code, §§ 459 & 460).[1] The court then found Garcia had a prior serious felony conviction (burglary of an inhabited dwelling) (§§ 667, subd. (a),[2] 1192.7, subd. (c)(18))[3] and sentenced him to prison for a six-year term for the burglary conviction and a consecutive five-year term for the prior serious felony conviction.[4] Garcia appeals, contending the court improperly considered a probation officer's report from the prior conviction file to determine he had burglarized an inhabited dwelling. We conclude Garcia's statements contained in the probation report were properly used to determine the nature of the burglary. We decline to address whether other material in the probation report may be used to determine if the prior conviction is a "serious felony."

### FACTUAL AND PROCEDURAL BACKGROUND[5]

In May 1981, Garcia pleaded guilty to one count of second degree burglary and one count of receiving stolen property in case number 53394. After Garcia's present conviction the People submitted certified copies of the information and Garcia's change of plea form from case number 53394 to prove Garcia had a prior serious felony conviction.

The information in case number 53394 charged Garcia with four counts of "unlawfully enter[ing] a building with intent to commit theft" and four

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] Section 667, subdivision (a) provides: "In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

[3] Section 1192.7, subdivision (c)(18) provides: "As used in this section, 'serious felony' means any of the following: . . . (18) burglary of an inhabited dwelling house, or trailer coach as defined by the Vehicle Code, or inhabited portion of any other building[.]"

[4] Garcia was also resentenced on a previous burglary conviction in superior court case number 94658. The court imposed a consecutive term of one year and four months, for a total sentence of twelve years and four months.

[5] Because Garcia appeals solely from the imposition of the five-year enhancement, the facts leading to the present burglary conviction need not be recounted.

counts of receiving stolen property. Four victims were named. In the change of plea form Garcia declared he violated section 459 by "entering a house with intent to steal." In the present case the court stated:" . . . [I]f, in fact, the court were confined to the four corners of [the information and the change of plea], the court would conclude that the entry of a house, without any modifiers, would in fact be insufficient, and certainly not sufficient to establish a serious felony prior pursuant to 1192.(7)(c)(18). [*sic*]"

Thereafter, on its own motion the court took judicial notice of the prior conviction file.[6] Over Garcia's hearsay objection the court considered the probation officer's report which stated Garcia committed second degree residential burglary and Garcia admitted being involved in residential burglary to support his heroin habit. After reviewing the probation report the court concluded: "With reference to [Garcia's] statements, I would note an admission by [Garcia] that he participated in the residential burglary to support a habit, 'a family operation,' as it was described by [Garcia].

"  . . . . . . . . . . . . . . . . . . . . .

"Amongst other things it describes the manner of entry.

"Taken in toto, the court would have to be blind not to conclude that what happened in this instance was Mr. Garcia entered into an occupied residence of Miss Mary Streck with the intent to steal personal property contained therein, a serious felony as alleged in the information."

### DISCUSSION

### I

Garcia contends the probation officer's report was inadmissible hearsay and violated his right to confront witnesses. He claims the statements contained in that report, even if admissible, are insufficient to show his prior conviction was a serious felony within the meaning of sections 667 and 1192.7.

In *People* v. *Guerrero* (1988) 44 Cal.3d 343, 355 [243 Cal.Rptr. 688, 748 P.2d 1150], the Supreme Court held to enhance sentences under the habitual criminal provisions of section 667, "the trier of fact may look to the entire record of the conviction" to determine "the truth of a prior-conviction allegation." The court in *Guerrero* expressly overruled *People* v. *Alfaro* (1986) 42 Cal.3d 627 [230 Cal.Rptr. 129, 724 P.2d 1154] which limited the trier of fact's application of section 667 to offenses contained in the prior conviction judgment. In *Guerrero,* the trial court correctly imposed an

---

[6] Pursuant to California Rules of Court, rule 12(a), we have augmented the record on appeal with superior court file number 53394.

enhancement based on "an accusatory pleading charging a residential burglary and defendant's plea of guilty or nolo contendere, . . ." (*People* v. *Guerrero, supra,* 44 Cal.3d at p. 345.) However, the Supreme Court noted it did not resolve which items in the record of conviction are admissible and for what purpose. In a particular case "the application of the rule set forth herein might violate the constitutional rights of a criminal defendant." (*Id.* at p. 356, fn. 1.)

A variety of items from a prior conviction file have been held proper for consideration after *Guerrero.* In *People* v. *Carr* (1988) 204 Cal.App.3d 774, 778 [251 Cal.Rptr. 458], the court considered a change of plea form executed by the defendant in the previous conviction to determine the nature of the crime. Charging documents considered in conjunction with a no contest plea reflected in a minute order were used in *People* v. *Harrell* (1989) 207 Cal.App.3d 1439, 1444 [255 Cal.Rptr. 750]. (See also *People* v. *Colbert* (1988) 198 Cal.App.3d 924, 927 [244 Cal.Rptr. 98].) Similarly, a complaint and *Tahl*[7] admissions were considered in *People* v. *Smith* (1988) 206 Cal.App.3d 340, 345 [253 Cal.Rptr. 522]. In *People* v. *Batista* (1988) 201 Cal.App.3d 1288, 1293 [248 Cal.Rptr. 46], the court utilized a court reporter's transcript reflecting the defendant's guilty plea together with the information. In *People* v. *Johnson* (1989) 208 Cal.App.3d 19, 25 [256 Cal.Rptr. 16], the court considered an information, abstract of judgment indicating a plea of guilty, and section 1203.01 statement of views signed by the judge and prosecutor which detailed the residential character of the burglary.

■ We recognize a probation report often contains hearsay matter. Indeed section 1203 contemplates and allows hearsay information within probation reports. (*People* v. *Lockwood* (1967) 253 Cal.App.2d 75, 76 [61 Cal.Rptr. 131].) If a defendant contends the hearsay information is unfair or untrue he is given an opportunity to refute it. (*People* v. *Barajas* (1972) 26 Cal.App.3d 932 [103 Cal.Rptr. 405].) Here the trial court specifically focused on Garcia's statements related by the probation officer, finding the statements constituted an admission. Garcia had an opportunity to dispute his purported admission in the prior proceeding. He was also entitled to present rebuttal evidence before the trial court and did not. Garcia was given adequate opportunity to challenge the evidence presented against him. We are satisfied, therefore, the trial court in this case was entitled to review admissions of a defendant in the probation report of his prior conviction.

II

■ When the sufficiency of the evidence is challenged on appeal, the court must review the entire record in the light most favorable to the

---

[7] *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

judgment to determine whether it contains substantial evidence from which a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. (*People* v. *Green* (1980) 27 Cal.3d 1, 55 [164 Cal.Rptr. 1, 609 P.2d 468].) Garcia argues the evidence here is insufficient because the term "residential" refers to a type of property suitable for use as a residence and does not mean it is an inhabited dwelling house. We reject such a strained distinction. ■ The terms "residence" and "inhabited dwelling house" are equivalent. (*People* v. *Harrell, supra,* 207 Cal.App.3d at p. 1445.) "Even the common understanding of residence, which connotes a place of abode of some permanency [citations], cannot be differentiated from an inhabited dwelling unit for purposes of first degree burglary." (*People* v. *Deay* (1987) 194 Cal.App.3d 280, 284 [239 Cal.Rptr. 406].)

Garcia's change of plea stating he "enter[ed] a house w/intent to steal," taken together with his earlier description of his role in the residential burglaries, is sufficient to support the trial court's finding the burglary was of an inhabited dwelling.

### DISPOSITION

Judgment affirmed.

Kremer, P. J., and Froehlich, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 15, 1990.