[No. A045746. First Dist., Div. Two. Aug. 1, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
BARRY ROBERT WILLIAMS, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the part entitled Background and part I.

**COUNSEL**

Fiedler, Gardner & Derham and Cliff Gardner for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and Herbert F. Wilkinson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SMITH, J.**—Defendant and appellant Barry Robert Williams (Williams) was convicted by a jury of shooting at an inhabited building (Pen. Code, § 246 [felony])[1] and exhibiting a deadly weapon other than a firearm (§ 417, subd. (a)(1) [misdemeanor]). Thereafter, pursuant to sections 667, subdivision (a), and 1192.7, subdivision (c)(23), the trial court determined that Williams had previously been convicted of a serious felony. The court denied probation and sentenced Williams to state prison for a total term of 10 years, consisting of 5 years (the midterm) on the felony conviction plus 5

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

years on the enhancement. We will affirm the conviction, but strike the sentence enhancement.

## BACKGROUND

### I*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### II

### *Sentence Enhancement*

The trial court sentenced Williams to the midterm of five years in state prison for the section 246 conviction and to a six-month concurrent term in county jail for the section 417 violation. The court additionally imposed a five-year consecutive sentence enhancement. The enhancement was based on a finding that Williams's 1985 conviction, on a plea of guilty, for violating section 245, subdivision (a)(1) (assault with a deadly weapon or force likely to produce great bodily injury), constituted a prior serious felony within the meaning of sections 667, subdivision (a), and 1192.7, subdivision (c)(23).

Section 667, subdivision (a) provides for a five-year sentence enhancement for each prior conviction of a serious felony. "Serious felony" is defined in section 1192.7, subdivision (c)(23) to include "any felony in which the defendant *personally used a dangerous or deadly weapon.*" (Italics added.) However, section 245, subdivision (a)(1), provides: "Every person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm *or by any means of force likely to produce great bodily injury* is punishable by imprisonment in the state prison for two, three or four years, . . . ." (Italics added.)

■ From the language of the statute, it is evident that a section 245, subdivision (a)(1) conviction does not *necessarily* constitute a serious felony within section 1192.7, subdivision (c)(23). When the section 245, subdivision (a)(1) violation is based on an assault "by any means of force likely to produce great bodily injury" it does not come within section 1192.7, subdivision (c)(23). Similarly, a defendant may be guilty of section 245, subdivision (a)(1) by aiding and abetting another who commits an assault using a deadly weapon. In neither case would the conviction constitute a serious

---

*See footnote, *ante,* page 911.

.

felony within section 1192.7, subdivision (c)(23), because the defendant would not have "personally used a dangerous or deadly weapon" as that section requires. Rather, a section 245, subdivision (a)(1) conviction can only "constitute a serious felony [within section 1192.7, subdivision (c)(23)] if the prosecution properly pleads and proves that defendant personally used a deadly or dangerous weapon in the commission of the offense." (*People* v. *Equarte* (1986) 42 Cal.3d 456, 465 [229 Cal.Rptr. 116, 722 P.2d 890].)

In determining the nature of a prior conviction allegation, the "court may look to the entire record of the conviction . . . but when the record does not disclose any of the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable . . . ." (*People* v. *Guerrero* (1988) 44 Cal.3d 343, 352 [243 Cal.Rptr. 688, 748 P.2d 1150].) While the court may look at the entire record of the conviction, it may not relitigate the circumstances of the prior crime. (*Id.* at p. 355.) As with all enhancements, the state must prove the elements of a prior conviction enhancement true beyond a reasonable doubt. (See, e.g., *People* v. *Jones* (1988) 203 Cal.App.3d 456, 460 [249 Cal.Rptr. 840]; *People* v. *Young* (1987) 192 Cal.App.3d 812, 818 [237 Cal.Rptr. 703].) Although *Guerrero* allows the prosecution to rely on the record of conviction to meet this burden, the court expressly declined "to resolve such questions as what items in the record of conviction are admissible and for what purpose or whether on the peculiar facts of an individual case the application of the rule set forth herein might violate the constitutional rights of a criminal defendant." (*People* v. *Guerrero, supra*, 44 Cal.3d at p. 356, fn. 1.)

After examining the documentary evidence, the trial judge found that Williams's personal use of a dangerous or deadly weapon had been shown "only on the Probation Report and nowhere else in the record so your record is clear, and I think it is a question purely of law that makes it a serious prior under PC 667 (a)." The probation report from 1985 stated: "The co-defendant then gave [appellant] a knife and [appellant] placed the knife at victim Close's back and told him not to move." The report explicitly indicated that its statement of facts was based upon the sheriff's reports prepared by investigating officers in the case. Apparently, at some point during the investigation of the case a deputy sheriff reported that the victim said Williams held a knife to his back. The sheriff summarized these comments in his investigative report and the probation officer summarized the sheriff's summary in his subsequently prepared probation report. However, as defense counsel pointed out at sentencing, the preliminary hearing transcript in the prior case revealed that when questioned, the victim testified that he could not see what was held at his back and that it could have been

anything. Nevertheless, relying on *People* v. *Johnson* (1989) 208 Cal.App.3d 19 [256 Cal.Rptr. 16], the trial court used the multiple hearsay statement in the probation report to impose the enhancement.

Since *Guerrero,* a number of decisions have addressed the question of what items in the record of conviction are admissible as part of the "entire record" for purposes of determining the nature of a prior conviction. One case (*People* v. *Harrell* (1989) 207 Cal.App.3d 1439 [255 Cal.Rptr. 750]) holds that trial courts may examine both the language of the charging information and minute orders or transcripts showing that defendant has, in open court, pled guilty to the offense " 'as charged in the Information.' " (*Id.* at p. 1444.) Other cases approve consideration of a guilty plea waiver form signed by the defendant in which he acknowledges the facts underlying the prior conviction. (See, e.g., *People* v. *Smith* (1988) 206 Cal.App.3d 340, 345-346 [253 Cal.Rptr. 522]; *People* v. *Carr* (1988) 204 Cal.App.3d 774, 778 [251 Cal.Rptr. 458].) It has also been held that a sentencing court may examine transcripts from proceedings in open court in which the defendant explicitly admits the facts underlying the prior conviction. (See *People* v. *Smith, supra,* 206 Cal.App.3d at p. 345; *People* v. *Batista* (1988) 201 Cal.App.3d 1288, 1293-1294 [248 Cal.Rptr. 46].)

A major dilemma in considering "the entire record" in proving an enhancement is that some portions of it, particularly probation reports, contain hearsay statements. Under Evidence Code section 1200 hearsay cannot be admitted into evidence unless it falls within one of the established exceptions to the hearsay rule. (1 Witkin, Cal. Evidence (3d ed. 1986) The Hearsay Rule, § 558, p. 533.) ■ The main reasons for excluding hearsay evidence are: "(a) The statements are not made under *oath*; (b) the adverse party has *no opportunity to cross-examine* the person who made them; and (c) the jury cannot observe his *demeanor* while making them." (*Id.* at p. 533, italics original; see *In re Kerry O.* (1989) 210 Cal.App.3d 326, 332 [258 Cal.Rptr. 448]; *People* v. *Rojas* (1975) 15 Cal.3d 540, 548-549 [125 Cal.Rptr. 357, 542 P.2d 229, 92 A.L.R.3d 1127].)

■ However, under Evidence Code section 1220, party admissions are an exception to the hearsay rule. An admission consists of a statement or conduct of a party to the action which is offered against him at the trial. (1 Witkin, Cal. Evidence, *supra,* § 637, p. 624.) The post-*Guerrero* cases we have cited implicitly follow this exception to the hearsay rule in sanctioning a sentencing court's consideration of documents which reflect a defendant's explicit or implicit concession as to the nature of a prior conviction.

In *People* v. *Johnson, supra,* 208 Cal.App.3d 19, the case relied on by the court below, Division Four of this district upheld examination of an infor-

mation, an abstract of judgment indicating a plea of guilty, and a section 1203.01 statement of views, which detailed the residential character of a burglary. Unfortunately, the opinion inadvertently refers to the statement as one under section 1203. *1*, rather than 1203.01. (*Id.* at p. 26.) Unaware of this clerical error, our trial judge reasoned that "1203.1 statements" could only mean *probation reports* as he read *Penal Code section 1203.1.* It has since been made clear, and both parties acknowledge, that the numerical reference in *Johnson* was erroneous. The court actually meant to refer to statements filed pursuant to section *1203.01,* not section 1203.1. (See *People* v. *Garcia* (1989) 216 Cal.App.3d 233, 237 [264 Cal.Rptr. 662].) Section 1203.01 statements are statements of views filed by the judge and the district attorney after judgment has been pronounced concerning the person convicted or sentenced. ▉ Thus, to the extent that he interpreted *Johnson* as conferring unbridled authority for the use of any and all probation report material in imposing a section 667 enhancement, the judge erred.

Recently, in *People* v. *Garcia, supra,* 216 Cal.App.3d 233, the Court of Appeal addressed the hearsay problem in probation reports, but again applied the admissions exception to uphold the imposition of an enhancement based on a defendant's prior conviction. There, the sentencing court determined that the defendant had committed a prior serious felony pursuant to section 1192.7, subdivision (c)(18) based on his admission, recited in a probation report, that he had been involved in a residential burglary to support his heroin habit. (*Id.* at p. 236.) The appellate court recognized that probation reports often contain hearsay matter. However, the court did not see defendant's admission as a problem, since the defendant was afforded an ample opportunity, both at the prior proceeding and the sentencing hearing, to challenge or refute the statement attributed to him. (*Id.* at p. 237.) *Garcia* was careful, however, to restrict its holding to a *defendant's* admissions in a probation report: "We conclude [defendant's] statements contained in the probation report were properly used to determine the nature of the [prior conviction]. We decline to address whether other material in the probation report may be used to determine if the prior conviction is a 'serious felony.'" (*Id.* at p. 235.)

The use of a multiple hearsay statement attributed to the victim in the probation report at bar went far beyond the holding of *Garcia.* Here, the assertion used to impose an additional five-year prison sentence not only did not come from the defendant's mouth, but constituted hearsay thrice removed—an assertion by the sheriff, reported by the probation officer that the victim told him (the sheriff) that Williams held a knife to the victim's back. Williams was given no chance to cross-examine the probation officer, the sheriff who purportedly recited what the victim had said, or the victim himself. Worse yet, the statement was subsequently *contradicted* by the

victim when questioned under oath at the preliminary hearing. Unlike *Garcia,* the defendant was not afforded adequate protection from the dangers of out-of-court statements. Because it constituted triple hearsay and defendant had no opportunity to cross-examine the hearsay declarants, we hold that the probation report statement was far too unreliable to be used to prove the enhancement. A five-year consecutive prison sentence cannot, consistent with due process and a defendant's constitutional right to confront witnesses, be predicated on such untrustworthy evidence.

Because the triple hearsay statement in the probation report was, as the court expressly acknowledged, the only evidence in the record tending to prove personal use of a dangerous weapon, the enhancement finding is not supported by substantial evidence. Accordingly, the proper remedy is to strike the enhancement.

## DISPOSITION

The judgment is modified by striking the five-year sentence enhancement under sections 667, subdivision (a), and 1192.7, subdivision (c)(23). As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy thereof to the Department of Corrections. (See § 1213.)

Kline, P. J., and Peterson, J., concurred.