Opinion
 

 DAVIS, J.
 

 In case No. 94F10109, defendant entered a negotiated plea of no contest to driving under the influence with three or more priors within seven years (Veh. Code, § 23152, subd. (a)). He also admitted a prior conviction (Pen. Code, § 245, subd. (a)(1)) subject to a court trial on whether the same was a serious felony within the meaning of the three strikes law (Pen. Code, § 667, subds. (b)-(i)).
 
 [2]
 
 In case No. 96F00759, defendant entered a negotiated plea of no contest to an additional driving under the influence offense with three or more priors within seven years (Veh. Code, § 23152, subd. (a)). The parties agreed to an aggregate 48-month state prison term in the event the court found the prior in case No. 94F10109 to be a valid strike. The court so found.
 

 The court sentenced defendant to state prison for an aggregate term of 48 months: the low term of 16 months doubled for 32 months on the violation in case No. 94F10109 and a consecutive one-third the midterm or 8 months doubled for 16 months on the violation in case No. 96F00759.
 

 In the published part of the opinion, we find the transcript of defendant’s plea supports the court’s finding that the prior conviction for an assault constituted a strike. In the unpublished part of the opinion, we hold that since defendant stipulated to the sentence he received, he is not entitled to a remand to allow the court to exercise its discretion whether or not to strike the strike prior pursuant to section 1385. We will affirm.
 

 Facts
 

 In view of defendant’s contentions, only a brief recitation of the facts of the underlying offense is necessary. On September 3, 1994, defendant tried three or four times to park his car in a parking stall at Southgate Plaza as a security guard watched. The security guard then saw defendant climb into the backseat and hang his head out the opened rear door. Defendant was incoherent and seemed to be intoxicated. After a California Highway Patrol officer confirmed the security guard’s suspicions, the security guard placed defendant under citizen’s arrest for driving under the influence. Defendant’s blood-alcohol content was .15 percent.
 

 
 *914
 
 Discussion
 

 I
 

 The amended information in case No. 94F10109 alleged that defendant suffered a serious felony conviction i.e., “the crime of assault with a deadly weapon, a felony, in violation of Section 245(a)(1) of the Penal Code,” within the meaning of section 1192.7, subdivision (c), and thus came within the three strikes law (§§ 667, subds. (b)-(i); 1170.12).
 
 [3]
 

 When defendant entered his plea, he did not dispute that he had suffered a conviction for assault. He claimed that the assault was by means of force likely to produce great bodily injury, not one where he personally used a deadly or dangerous weapon. The parties stipulated that the seriousness of the assault would be determined after a court trial.
 

 The prosecution presented an indeterminate sentence report showing defendant was granted probation for a 1984 conviction for “Assault” under section “245(a).”
 

 The documentation presented also included a reporter’s transcript of defendant’s plea to the assault. The reporter’s transcript contains the following account. The prosecutor stated the factual basis of the plea: “Your Honor, I’m prepared to stipulate that if called upon I could produce the following facts both in a preliminary hearing in this court and at trial in Superior Court: That this Defendant Surinder Singh Sohal was present in a laundromat on Palora Avenue in Yuba City . . . [¶ [o]n August 11th, 1984. Number two, while in that laundromat Mr. Sohal struck Pal, P-a-1, Singh, S-i-n-g-h, Kahlon, K-a-h-l-o-n, with a metal pipe and that the striking was done to the head of Mr. Kahlon; and it was done with enough force to cause great bodily injury.” Defense counsel agreed, stating “they can produce that evidence.” Immediately thereafter, the court queried, “Mr. Sohal, on the charge assault with a deadly weapon on August 11th, do you plead guilty, not guilty or no contest?” Defendant replied, “No contest and I am guilty.” The accusatory pleading was not included in the prosecutor’s exhibit.
 

 In determining that the assault conviction was a strike, the trial court concluded that the factual basis stated for the plea established that defendant personally used a deadly or dangerous weapon.
 

 On appeal defendant renews his argument that the trial court erroneously considered the transcript of his plea to the assault offense in
 
 *915
 
 determining that the same was a strike because the prosecutor’s remarks were inadmissible hearsay and further, defendant had not been afforded an opportunity to cross-examine the hearsay declarants.
 

 A prior conviction within the three strikes law is defined in relevant part and as applicable here as “any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state." (§667, subd. (d)(1).) Section 1192.7, subdivision (c)(23) lists as a serious felony “any felony in which the defendant personally used a dangerous or deadly weapon.”
 

 An assault conviction under section 245, subdivision (a)(1) is not necessarily a serious felony as defined by section 1192.7, subdivision (c)(23). An assault conviction based on an assault “by means of force likely to produce great bodily injury” is not one in which defendant “personally used a dangerous or deadly weapon.”
 
 (People
 
 v.
 
 Williams
 
 (1990) 222 Cal.App.3d 911, 914-915 [272 Cal.Rptr. 212].)
 

 In
 
 People
 
 v.
 
 Guerrero
 
 (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150], the Supreme Court concluded that a “court may look to the entire record of the conviction” to determine the nature of a prior conviction allegation; but if the record fails to reflect “any of the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable . . . .” (At p. 352.) A reporter’s transcript of a plea is considered part of the “record of conviction" as that phrase was used in
 
 Guerrero. (People
 
 v.
 
 Abarca
 
 (1991) 233 Cal.App.3d 1347, 1350 [285 Cal.Rptr. 213].) The prosecution has the burden of proving the prior.
 
 (People
 
 v.
 
 Sumstine
 
 (1984) 36 Cal.3d 909, 923 [206 Cal.Rptr. 707, 687 P.2d 904].)
 

 Defendant relies primarily upon
 
 Williams
 
 to support his claim that the prosecutor’s statement of the factual basis for defendant’s plea constituted inadmissible hearsay.
 

 In
 
 Williams,
 
 the only evidence in the record showing the defendant’s personal use of a dangerous or deadly weapon was multiple hearsay contained in the probation report. (222 Cal.App.3d at p. 915.) The appellate court stated, “A major dilemma in considering ‘the entire record’ in proving an enhancement is that some portions of it, particularly probation reports, contain hearsay statements. Under Evidence Code section 1200 hearsay cannot be admitted into evidence unless it falls within one of the established exceptions to the hearsay rule. [Citation.] The main reasons for excluding hearsay evidence are: ‘(a) The statements are not made under
 
 oath;
 
 (b) the
 
 *916
 
 .adverse party has
 
 no opportunity to cross-examine
 
 the person who made them; and (c) the jury cannot observe his
 
 demeanor
 
 while making them.’ [Citations.] [¶ However, under Evidence Code section 1220, party admissions are an exception to the hearsay rule. An admission consists of a statement or conduct of a party to the action which is offered against him at the trial. [Citation.] The
 
 post-Guerrero
 
 cases we have cited implicitly follow this exception to the hearsay rule in sanctioning a sentencing court’s consideration of documents which reflect a defendant’s explicit or implicit concession as to the nature of a prior conviction.”
 
 (Id.
 
 at p. 916, original italics.) The
 
 Williams
 
 court struck a prior conviction enhancement, concluding that a probation report summarizing a sheriff’s statement that the victim had told him that defendant had held a knife to the victim’s back (contradicted by the victim at the preliminary hearing) was “far too unreliable.”
 
 (Id.
 
 at pp. 917-918.)
 

 Defendant misplaces his reliance on
 
 Williams.
 
 Here, the court relied on the factual basis for the plea as stated by the prosecutor with which defense counsel agreed. The factual basis included the fact that defendant personally used a metal pipe. Defendant entered a plea to “assault with a deadly weapon” not assault “by means of force likely to produce great bodily injury” nor simply “assault as defined in section 245, subdivision (a)(1).” Thus, defendant made an adoptive admission of the truth of the facts underlying the plea on the prior.
 

 In
 
 Abarca,
 
 the sole evidence that the prior constituted a “serious” felony (neither the change of plea form, sentencing transcript nor abstract of judgment indicated whether burglary involved a residence) was the transcript of the defendant’s plea where defendant admitted, in direct response to court questioning, that he burglarized a residence. Such was sufficient to satisfy
 
 Guerrero. (People
 
 v.
 
 Abarca, supra,
 
 233 Cal.App.3d at pp. 1349-1351; see also
 
 People
 
 v.
 
 Sanchez
 
 (1991) 230 Cal.App.3d 768, 772-773 [281 Cal.Rptr. 459].)
 

 Here, the transcript of defendant’s plea is sufficient to satisfy
 
 Guerrero.
 
 We find no error.
 

 II
 
 *
 

 
 *917
 
 Disposition
 

 The judgment is affirmed.
 

 Sims, Acting P. J., and Raye, J., concurred.
 

 A petition for a rehearing was denied April 22, 1997, and appellant’s petition for review by the Supreme Court was denied June 25, 1997.
 

 [2]
 

 Further statutory references to sections of an undesignated code are to the Penal Code.
 

 [3]
 

 Section 245, subdivision (a)(1) provides in relevant part: “Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished . . . .”
 

 *
 

 See footnote 1,
 
 ante,
 
 page 911.