Darrell WHEELER, Petitioner,

v.

Michael YARBROUGH, Respondent.

No. CV03–1191DSFRNB.

United States District Court,
C.D. California.

Jan. 4, 2005.

to dismiss for lack of personal jurisdiction or failure to state a claim may be renoticed in state court.

John Yang, Deputy Attorney General, California Department of Justice, Los Angeles, CA, for respondent.

## ORDER DENYING DARRELL WHEELER'S PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ADOPT THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

FISCHER, District Judge.

Petitioner claims that the use of his 1990 conviction to enhance his 2000 sentence pursuant to California's Three Strikes Law breached the terms of the plea agreement that resulted in the 1990 conviction and violated his Fourteenth Amendment right to due process.

## I. PROCEDURAL BACKGROUND [1]

### A. State Court Proceedings

On November 9, 2000, a Los Angeles

---

**1.** This Court disagrees only with the magistrate judge's application of the standard of review. Most of this Order is, therefore, tak-

Superior Court jury found petitioner guilty of one count of involuntary manslaughter. (*See* Clerk's Transcript ("CT") 189; 5 Reporter's Transcript ("RT") 605–06.)[2] In a bifurcated bench trial,[3] the trial court found true the special allegations that petitioner had suffered one prior serious or violent felony conviction and had served five prior prison terms. (*See* CT 52–53, 244; 5 RT 620–21, 628, 632.) On November 21, 2000, the trial court sentenced petitioner in accordance with California's "Three Strikes Law"[4] to state prison for a total term of thirteen years. (*See* CT 26–28; 5 RT 636–39.)[5]

Petitioner appealed his sentence to the California court of appeal, asserting only the claim alleged in this Petition. (*See* Ans. Exh. A.) In an unpublished decision issued on December 6, 2001, the court of appeal rejected the claim and affirmed the judgment. (*See* Ans. Exh. B.)

Petitioner then filed a Petition for Review to the California Supreme Court, again asserting only the same claim. (*See* Ans. Exh. C.) On February 18, 2002, the California Supreme Court summarily denied the Petition for Review without citation of authority. (*See* Ans. Exh. D.)

On August 28, 2002, petitioner filed a petition for writ of habeas corpus with the California Supreme Court, alleging a claim different from that raised here. (*See* Ans. Exh. E.) On January 15, 2003, the California Supreme Court denied that habeas petition with citations to *In re Waltreus,* 62 Cal.2d 218, 42 Cal.Rptr. 9, 397 P.2d 1001 (1965) and *In re Dixon,* 41 Cal.2d 756, 264 P.2d 513 (1953). (*See* Ans. Exh. F.)

**B. Proceedings in This Court**

On February 20, 2003, petitioner filed this Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet."). Respondent filed an Answer to the Petition on April 7, 2003. After receiving an extension of time, petitioner filed a Traverse ("Trav.") on June 2, 2003.

Based on its review and analysis of the Petition, Answer and Traverse, the Court[6] concluded that the record had not been sufficiently developed with respect to petitioner's breach of prior plea agreement claim. The Court further concluded that 28 U.S.C. § 2254(e) did not present any impediment to the holding of an evidentiary hearing on petitioner's claim, as petitioner had raised the claim in his California Supreme Court habeas petition. Pursuant to its authority under Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court issued a Minute Order on June 3, 2003, appointing the Office of the Federal Public Defender as counsel for petitioner for purposes of the evidentiary hearing.

After conferring with counsel regarding issues relating to petitioner's breach of

---

en verbatim from the "Report and Recommendation" filed on October 7, 2004.

**2.** The jury found petitioner not guilty of second degree murder. (CT 188; 5 RT 605).

**3.** Petitioner had waived his right to a jury trial on the prior felony conviction allegations. (*See* CT 243; 5 RT 602–04.)

**4.** California Penal Code § 667(e)(1)(A) provides: "If a defendant has one felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction."

**5.** Petitioner's sentence consisted of the high term of four years for the manslaughter conviction, doubled based on the prior felony conviction, and a one-year term for each of the prior prison term findings.

**6.** References to "the Court" in this portion of the Order are to Magistrate Judge Robert N. Block.

plea agreement claim, the Court concluded that determination of the claim would require an evidentiary hearing. Per a Minute Order issued on April 9, 2004, the Court ordered counsel to provide proposed dates for the evidentiary hearing.

In accordance with the request of counsel, the Court subsequently set a date for the evidentiary hearing. However, before the date of the scheduled evidentiary hearing, respondent filed a Motion to Vacate April 9, 2004 Order Granting Evidentiary Hearing on the ground that petitioner had failed to develop the factual basis of his claim in state court.

Based on its further review of petitioner's California Supreme Court habeas petition, it appeared to the Court that petitioner had not raised his breach of plea agreement claim there. (Petitioner had raised the breach of plea agreement claim on direct appeal to the California court of appeal and in his Petition for Review to the California Supreme Court.) Accordingly, by Minute Order issued June 1, 2004, the Court ordered petitioner to file opposition to respondent's Motion to Vacate, and stayed its order setting the date for the evidentiary hearing.

Before any filing by petitioner, respondent filed an Ex Parte Application for an Order Setting a Pre–Hearing Conference to Address Parties' Objections to Each Other's Evidence. By Minute Order issued June 3, 2004, the Court noted that the Ex Parte Application raised the same issues as respondent's Motion to Vacate, and that its ruling on the Motion to Vacate would likely render the Ex Parte Application moot.

Rather than file an opposition to respondent's Motion to Vacate, petitioner filed a Motion to Expand Record to include affidavits from petitioner and from petitioner's counsel at the time of his prior plea agreement. In his Motion, petitioner conceded that he did not raise his breach of

plea agreement claim in his California Supreme Court habeas petition, and that under these circumstances 28 U.S.C. § 2254(e)(2) barred him from receiving an evidentiary hearing in the district court.

By Minute Order issued June 23, 2004, the Court noted that the foregoing concession by petitioner rendered moot the necessity of holding a hearing on respondent's Motion to Vacate, but it did not entirely render moot the objections raised by respondent to the Court's consideration of any other evidence proffered by petitioner that was not previously presented to the State courts.

At a status conference on June 29, 2004, the Court advised the parties of its view that *Holland v. Jackson,* —— U.S. ——, ——, 124 S.Ct. 2736, 2738, 159 L.Ed.2d 683 (2004) was dispositive of petitioner's motion to augment the record pursuant to Habeas Rule 7. The Court then explained that its paramount consideration in ordering an evidentiary hearing in the first place was that, while it did not want to deprive petitioner of the benefit of bargain if he could prove that he had expressly bargained to plead guilty to a lesser offense that would only qualify for a one-year sentence enhancement, it also did not want to afford petitioner the benefit of a bargain he had not made. The Court advised the parties that, if the matter were to stand submitted on the basis of the current unaugmented record, the Court intended to recommend that the writ be granted on petitioner's breach of plea agreement claim. Per a Minute Order issued June 29, 2004, the Court ordered that: (a) respondent file a notice advising the Court whether respondent was standing on his objections to any further development of the record; and (b) if respondent's notice advised that respondent was standing on his objections to any further development of the record, petitioner file a

notice advising the Court whether petitioner was requesting that the Court hold the Petition in abeyance while petitioner returned to state court to exhaust his state remedies with regard to his unexhausted augmented breach of plea agreement claim, or whether petitioner was submitting on the basis of the current unaugmented record.

Respondent filed a timely Statement of Position standing on his objections to any further development of the record. Included with the Statement of Position was a declaration from respondent's counsel concerning his conversation with the prosecutor at the time of the 1990 plea agreement.

Based on its review of respondent's Statement of Position, the Court issued a Minute Order on July 12, 2004, (a) sustaining respondent's objections to the Court's consideration of any other evidence proffered by petitioner that was not previously presented to the state courts, and (b) denying petitioner's Motion to Expand Record. The Court stated that its ruling also foreclosed the Court from considering any information contained in respondent's counsel's declaration concerning his conversation with the prosecutor, or any new arguments by respondent based on that information.

In compliance with the Court's June 29, 2004 Minute Order, petitioner filed a Notice advising the Court that he wished to submit his breach of plea agreement claim on the basis of the current unaugmented record.

Based on the positions taken by respondent and petitioner, and on the fact that the Court intended to recommend the granting of the writ, the Court issued a Minute Order on September 7, 2004, ordering the parties to file briefs addressing the appropriate relief in this case. On September 15, 2004, respondent filed a Brief re: Appropriate Relief Upon Grant of Writ of Habeas Corpus. After receiving an extension of time, petitioner filed a Statement re Appropriate Relief on October 1, 2004.

On October 7, 2004, the "Report and Recommendation of Magistrate Judge" was filed. Respondent's Objections to the Report and Recommendation of United States Magistrate Judge were filed on October 21, 2004.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides the standard of review:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Further, a state court factual determination must be presumed correct unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1) (as amended).

█ Under the AEDPA, the "clearly established Federal law" that controls federal habeas review of state court decisions consists of holdings (as opposed to dicta) of Supreme Court decisions "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

■ Although a particular state court decision may be both "contrary to" and "an unreasonable application of" controlling Supreme Court law within the meaning of 28 U.S.C. § 2254(d)(1), the two phrases have distinct meanings. *See Williams,* 529 U.S. at 391, 413, 120 S.Ct. 1495. A state court decision is "contrary to" clearly established federal law if the decision either applies a rule that contradicts the governing Supreme Court law, or reaches a result that differs from the result the Supreme Court reached on "materially indistinguishable" facts. *See Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam); *Williams,* 529 U.S. at 405–06, 120 S.Ct. 1495. When a state court decision adjudicating a claim is contrary to controlling Supreme Court law, the reviewing federal habeas court is "unconstrained by § 2254(d)(1)." *Williams,* 529 U.S. at 406, 120 S.Ct. 1495. However, the state court need not cite or even be aware of the controlling Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early,* 537 U.S. at 8, 123 S.Ct. 362.

■ State court decisions that are not "contrary to" Supreme Court law may only be set aside on federal habeas review under 28 U.S.C. § 2254(d)(1) "if they are not merely erroneous, but are 'an *unreasonable* application' of clearly established federal law, or are based on 'an *unreasonable* determination of the facts.'" *Early,* 537 U.S. at 11, 123 S.Ct. 362 (citing 28 U.S.C. § 2254(d) and adding emphasis). A state court decision that correctly identified the governing legal rule may be rejected if it unreasonably applied the rule to the facts of a particular case. *See Williams,* 529 U.S. at 406–10, 413, 120 S.Ct. 1495 (*e.g.,* the rejected decision may state *Strickland* rule correctly but apply it unreasonably); *Woodford v. Visciotti,* 537 U.S. 19, 24–27, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002)(per curiam). However, to obtain federal habe-

as relief for such an "unreasonable application," a petitioner must show that the state court's application of Supreme Court law was "objectively unreasonable." *Woodford, supra; Williams,* 529 U.S. at 413, 120 S.Ct. 1495. An "unreasonable application" is different from an erroneous or incorrect one. *See Williams,* 529 U.S. at 409–10, 120 S.Ct. 1495; *see also Woodford,* 537 U.S. at 25, 123 S.Ct. 357; *Bell v. Cone,* 535 U.S. 685, 699, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).

■ The Ninth Circuit has held that the same standard of objective unreasonableness applies where the petitioner is challenging the state court's factual findings under 28 U.S.C. § 2254(d)(2). *See Bruce v. Terhune,* 376 F.3d 950, 954 (9th Cir.2004); *Taylor v. Maddox,* 366 F.3d 992, 999 (9th Cir.2004), *cert. denied* —— U.S. ——, 125 S.Ct. 809, —— L.Ed.2d ——, 2004 WL 2073281 (2004). In *Taylor,* the Ninth Circuit observed that "[s]uch a challenge may be based on the claim that the finding is unsupported by sufficient evidence, that the process employed by the state court is defective, or that no finding was made by the state court at all." 366 F.3d at 999 (internal citations omitted). In order to conclude that a state court finding was unsupported by substantial evidence in the state court record, the reviewing federal habeas court "must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Id.* at 1000. In order to conclude that the state court fact-finding process was defective in some material way, the reviewing federal habeas court "must be satisfied that any appellate court to whom the defect is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate." Examples in this latter category are where the state court "makes eviden-

tiary findings without holding a hearing and giving petitioner an opportunity to present evidence," where the state courts "plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim," and where the state court "has before it, yet apparently ignores, evidence that supports petitioner's claim." 366 F.3d at 1000–01.

"Once the state court's fact-finding process survives this intrinsic review ... the state court's findings are dressed in a finding of correctness ...." *Id.* at 1000. The standard set forth in 2254(d)(2) "is a daunting standard—one that will be satisfied in relatively few cases." *Id.*

## III. DISCUSSION

Petitioner contends that the use of his 1990 conviction to enhance his 2000 sentence pursuant to California's Three Strikes Law violated the terms of the prior plea agreement resulting in the 1990 conviction, and specifically the trial court's representation to him at the time of the 1990 plea hearing that the conviction could be used to enhance the sentence for future felony convictions by one year. Petitioner claims that the record of the 1990 plea hearing shows that he "bargained for" a non-serious felony conviction. (*See* Pet. at ¶ 10a; Trav. at 1–5).

### A. Petitioner's 1990 Conviction (Pursuant to a Plea Agreement)

In an information filed on October 19, 1990, petitioner was charged with one count of "assault great bodily injury and with deadly weapon" in violation of California Penal Code § 245(a)(1) [7] and one count

of battery. The assault charge read: "On or about September 30, 1990, in the County of Los Angeles, the crime of assault great bodily injury and with deadly weapon, in violation of Penal Code Section 245(a)(1), was committed by [petitioner], who did willfully and unlawfully commit an assault upon Karen Smith with a deadly weapon, to wit, brick, and by means of force likely to produce great bodily injury." (*See* CT 214–15.)

At the plea hearing on November 5, 1990, petitioner was represented by Deputy Public Defender Karen Gee. The court stated it understood that petitioner wished to enter a guilty plea for the assault charge in exchange for a low term sentence of two years. Petitioner agreed. The court then advised petitioner of certain consequences of his guilty plea. The court specifically advised petitioner that, "If at any time in the future you are arrested and convicted of a new felony, this would act as a one-year prior." Petitioner stated he understood the consequences of his guilty plea. The court advised petitioner of his constitutional rights, which petitioner agreed to waive. Petitioner's counsel joined in the waivers, concurred in the plea, and stipulated to a factual basis for the plea. The court then asked petitioner: "[Petitioner], as to felony information BA026471, a violation of section 245, sub (a), sub (1) of the Penal Code, how do you plead sir." Petitioner answered "guilty." After finding petitioner had knowingly and intelligently waived his constitutional rights and had freely and voluntarily entered into the plea, the court accepted the plea. The court then sen-

---

7. California Penal Code § 245(a)(1) provides: Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished by imprison-

ment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000) or by both the fine and imprisonment.

tenced petitioner to two years in state prison. (See CT 100–04.) [8]

### B. The Trial Court's Finding That Petitioner Suffered a Prior "Strike"

At the bench trial on the prior felony conviction allegations, the Court admitted into evidence *inter alia* a copy of the preliminary hearing transcript in the 1990 case (CT 192–206), a copy of the plea hearing transcript in the 1990 case (CT 208–12), a copy of the abstract of judgment in the 1990 case (CT 207), and a copy of the information and felony complaint in the 1990 case (CT 214–18). (See 5 RT 610–11, 617.) The prosecution argued that the fact that petitioner had suffered a prior serious felony conviction in 1990 was supported by the victim's preliminary hearing testimony that petitioner hit her in the right eye with a brick (see CT 198–99) and by petitioner's guilty plea. (See 5 RT 618.)

The trial court then heard petitioner's motion to strike the allegation that petitioner's 1990 conviction constituted a "strike," which it referred to as "an evidentiary matter" (see 5 RT 622). Petitioner's counsel argued that petitioner's 1990 conviction could not be considered a "dangerous" (i.e., serious or violent) felony for two reasons: (1) at the 1990 plea hearing, there was no specific mention of the type of deadly weapon used; [9] and (2) petitioner had bargained for the fact that his conviction could not be used as a five-year prior,[10] which was reflected by the fact that the trial court had told petitioner at the plea hearing that any future conviction could be used as a "one-year prior" as opposed to a "five-year prior." (See 5 RT 622–24.) [11] Petitioner did not testify orally

---

8. The court granted the prosecution's motion to dismiss the battery charge. (See CT 219.)

9. The California Three Strikes law imposes increased punishments for those offenders who previously have been convicted of *either* a "serious" felony (as defined in Penal Code § 1192.7(c)) *or* a "violent" felony (as defined in Penal Code § 667.5(c)). See Cal.Penal Code § 667(d)(1). Under California Penal Code § 1192.7(c), a serious felony can be *inter alia* "any felony in which the defendant personally used a dangerous or deadly weapon" (§ 1192.7(c)(23)) or "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm" (§ 1192.7(c)(8)). An assault with a deadly weapon conviction can qualify as a "strike" under § 1192.7(c)(23) only if petitioner's "personal use of a weapon" is proven. See *People v. Equarte*, 42 Cal.3d 456, 465, 722 P.2d 890, 229 Cal.Rptr. 116 (1986); *People v. Solis*, 90 Cal.App.4th 1002, 1018, 109 Cal.Rptr.2d 464 (2001); *People v. Shirley*, 18 Cal.App.4th 40, 44–45, 22 Cal.Rptr.2d 340 (1993); *People v. Williams*, 222 Cal.App.3d 911, 914–15, 272 Cal.Rptr. 212 (1990); *see also People v. Yarbrough*, 57 Cal.App.4th 469, 474, 67 Cal. Rptr.2d 227 (1997). Under California Penal Code § 667.5(c)(8), "[a]ny felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 or 12022.9 on or after July 1, 1977 ... or any felony in which the defendant uses a firearm which has been charged and proved as provided in Section 12022.5, 12022.53, or 12022.55" constitutes a violent felony.

10. At the time of petitioner's 1990 conviction, when a person suffered a serious felony conviction, California Penal Code § 667(a) mandated a consecutive five-year sentence enhancement for a prior serious felony conviction.

11. The magistrate judge suggested counsel's argument had been that the trial judge stated that the conviction could "only" be used as a one-year prior. Neither the magistrate judge nor petitioner's then counsel was completely accurate. The judge merely advised that the conviction could be used as a one-year prior, not that it could "only" be used in that manner. Nor did he contrast its use as one-year-prior (non-strike) with the alternative of a five-year prior. He simply (and gratuitously) stated: "[i]f at any time in the future you are arrested and convicted of a new felony, this

or by declaration.

After hearing arguments from counsel, and taking a recess to consider the evidence (*see* 5 RT 626), the trial court denied petitioner's motion. The trial court found that, based on its review of the evidence and particularly the preliminary hearing transcript, the prosecution had established that petitioner had personally used a deadly weapon.[12] The court further found, based on its review of the preliminary hearing transcript and plea hearing transcript, that the prosecution had established that petitioner had suffered a prior conviction for assault with a deadly weapon, i.e., brick. The trial court added, "In point of fact, the magistrate [at the preliminary hearing] in essence held him to answer for assault with a brick, not assault used by force, great bodily injury ...."[13] The trial court noted that the court's statement at the plea hearing about the one-year prior implied that the 1990 conviction was at least a § 667.5(b) prior,[14] and observed that "the nature of the disposition as stated doesn't say that it's not gonna be a serious felony." (*See* 5 RT 627–28.)

When petitioner's counsel continued to argue that petitioner entered into the plea agreement with the understanding that the 1990 conviction could be used to increase his sentence for future convictions by only one year (and pointed out that the conviction was not used to increase petitioner's sentences for convictions suffered by petitioner in 1992 and 1994), the trial court responded as follows: "[T]he advisement of use of the offense as a prior is a collat-

eral consequence. It's not required by the Constitution." (*See* 5 RT 628–29.)

## C. The California Court of Appeal Opinion

In its unanimous opinion the California court of appeal thoroughly detailed petitioner's argument. In rejecting petitioner's claim that he had bargained for a non-serious felony with respect to his 1990 conviction, the court reasoned as follows:

> In light of the absence of any duty on the part of the trial court to explain collateral consequences to the accused, the failure to advise Wheeler that upon the future commission of a serious felony, the assault conviction might constitute a basis for a five-year enhancement does not render the assault conviction a non-serious felony.... That is, the gratuitous advisement regarding the possibility of a future one-year enhancement does not preclude the possibility the assault conviction might trigger other collateral consequences.

> Nor does the record reflect any basis upon which a reasonable defendant in [petitioner's] position would conclude the People had agreed never to use the assault conviction to support a prior serious felony conviction enhancement. Because there is no indication the parties intended to limit the collateral use of the assault conviction in future prosecutions or that [petitioner] bargained for such a limitation, the claimed limitation on the collateral use of the assault conviction did not form any part of [petitioner's]

[current assault conviction] would act as a one-year prior."

**12.** That finding is not challenged.

**13.** The trial court's statements and sentence indicate that the trial court found petitioner's 1990 conviction to be a serious felony under California Penal Code § 1192.7(c)(23).

**14.** At the time of petitioner's 1990 conviction, when a person suffered a felony conviction not specified as a violent felony in then California Penal Code § 667.5(c), California Penal Code § 667.5(b) authorized a consecutive one-year sentence enhancement for each prior prison term served for any felony.

inducement to enter into the plea bargain in that case. *(Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495 [30 L.Ed.2d 427] (1971).)

(Ans. Exh. B at 35–36.) [15]

### D. Legal Authority

■ In *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the Supreme Court held that, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." This rule has been regularly and consistently invoked and applied in the Ninth Circuit. *See, e.g., United States v. Camper*, 66 F.3d 229, 232 (9th Cir.1995); *United States v. De la Fuente*, 8 F.3d 1333, 1340 (9th Cir.1993); *United States v. Arnett*, 628 F.2d 1162, 1164 (9th Cir.1979).

■ In determining whether a plea agreement has been breached, contract law principles apply. *See United States v. Trapp*, 257 F.3d 1053, 1056 (9th Cir.2001); *United States v. Kamer*, 781 F.2d 1380, 1387 (9th Cir.), *cert. denied*, 479 U.S. 819, 107 S.Ct. 80, 93 L.Ed.2d 35 (1986); *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir.1985), *cert. denied*, 479 U.S. 835, 107 S.Ct. 131, 93 L.Ed.2d 75 (1986); *United States v. Arnett, supra*. "In construing an agreement, the court must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty." *United States v. De la Fuente*, 8 F.3d at 1337. Thus, if the terms of the

agreement are disputed, a party's contention regarding his subjective understanding [16] is not dispositive; rather, any dispute over the terms of the agreement must be determined by objective standards. If "a term of a plea agreement is not clear on its face, we look to the facts of the case to determine what the parties reasonably understood to be the terms of the agreement." *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir.), *cert. denied*, 531 U.S. 1057, 121 S.Ct. 668, 148 L.Ed.2d 569 (2000). If an examination of the extrinsic evidence does not eliminate the ambiguity in the terms of a plea agreement, the ambiguous terms must be construed in the defendant's favor. *See Clark, supra; De la Fuente, supra; United States v. Packwood*, 848 F.2d 1009, 1011 (9th Cir.1988).

### E. Findings and Conclusion

The magistrate judge correctly concluded that the California court of appeal applied the proper Supreme Court authority when it rejected petitioner's claim. He disagreed, however, with the court of appeal's statement that the record did not reflect any basis on which a reasonable defendant in petitioner's position would conclude that the conviction could never be used against him as a prior serious felony conviction.

■ ■ It is undisputed that the trial court and court of appeal correctly concluded that priorability is a collateral consequence and that petitioner did not have a due process right to be advised regarding

---

15. Under *Ylst v. Nunnemaker*, 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991), it may be presumed that the California Supreme Court, by its silent denial of petitioner's Petition for Review raising the same claim, did not intend to change the California Court of Appeal's reasoned decision rejecting it. *See Ylst*, 501 U.S. at 803–04, 111 S.Ct. 2590.

16. No direct evidence of petitioner's subjective understanding was presented in the state court. Petitioner did not testify concerning his intention, nor did he submit a declaration in any of the state court proceedings. No such evidence is before this Court either. Petitioner chose to submit his claim on the basis of the unaugmented record, precluding respondent from submitting rebuttal testimony as well.

the collateral consequences of his 1990 guilty plea. *See, e.g., Torrey v. Estelle,* 842 F.2d 234, 235 (9th Cir.1988). Nevertheless, rejecting the state court's findings, the magistrate judge concluded: "the most plausible explanation, if not the only plausible explanation, for the trial court's advisement that the conviction 'would act as a one-year prior' and for the prosecutor's failure to object to or attempt to correct that advisement, is that petitioner and his counsel in fact had expressly bargained to plead guilty to a lesser offense which would only qualify for a one-year sentence enhancement in the event of a future felony conviction." He then concluded that the Court's rejection of the prior plea agreement was based on "an unreasonable determination of the facts in light of the evidence presented." In effect he substituted his judgment for that of four experienced state court judges. While a federal court has the authority to do so, it may do so only on clear and convincing evidence. There is no such evidence here.

■ None of the factors described in *Taylor v. Maddox* exist here. The trial court held an evidentiary hearing and considered all evidence presented (the plea agreement and preliminary hearing transcript). The court of appeal clearly considered the same evidence. Both made findings. There is no suggestion that petitioner desired or attempted to submit additional evidence. There is no suggestion that the state court misapprehended the record or misstated it. The "fact" on which petitioner relies, the advisement of the collateral consequence of the priorability, was specifically considered and rejected by the trial and appellate court in the context of the other evidence before them. Nor did they ignore this evidence. They specifically stated why they did not find it to be persuasive in reaching their determination that reduction to a non-strike was not a term of the plea bargain. Under the guidance provided by *Taylor v.*

*Maddox,* this Court cannot and does not find any defect in the fact-finding process. *See* 366 F.3d at 1000–01. Petitioner must therefore overcome the presumption of correctness that attaches to the state court decision. He must do so by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1) (as amended); *Taylor,* 366 F.3d at 1013 n. 16.

Within the last several weeks the Ninth Circuit has again confirmed the standard described above in *Kesser v. Cambra,* 392 F.3d 327 (2004) and *Lambert v. Blodgett,* 393 F.3d 943 (2004). In both cases the federal court was called on to review a factual determination made by the state court, and emphasized that federal courts must be "particularly deferential to our state court colleagues." *Lambert* at 15344, 393 F.3d 943. As the Ninth Circuit noted in *Kesser:*

> Congress' avowed purpose in enacting AEDPA was "to further the principles of comity, finality, and federalism." *Duncan v. Walker,* 533 U.S. 167, 178, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (internal citation omitted). Our opinion is necessarily consistent with that aim and our oath to enforce the law as written. *See Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir.2003). Through AEDPA, Congress has constrained the power of inferior federal courts to grant a state prisoner a writ of habeas corpus where a state court has adjudicated the prisoner's claim on the merits.

Petitioner failed to submit any such evidence in the state court—and, as noted above, specifically chose to proceed here on the unaugmented record. Therefore, this Court has only the same evidence as the state court judges had before them.

The trial court and three appellate judges, familiar with the Los Angeles

County Superior Court plea procedures [17] and based on a review of the identical evidence considered here, found petitioner's plea did not include a provision that his 1990 conviction was not a serious felony and could never be used to enhance a future conviction beyond one year. The state court's determination was not "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Petitioner has not met his burden.

The writ is DENIED.

IT IS SO ORDERED.

---

**17.** As is obvious from the plea transcript, the method of taking a plea in California state court differs dramatically from the federal court approach.