Filed 10/25/23

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C096982 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFECOD20170001987) |
| v. | |
| JOSEPH DAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Joaquin County, Bernard J. Garber, Judge. Reversed.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Darren K. Indermill, Supervising Deputy Attorney General, Paul E. O'Connor, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Joseph Ronald Das appeals from the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1] The trial court denied the petition

---

[1] Undesignated statutory references are to the Penal Code. Defendant petitioned for resentencing under former section 1170.95. Effective June 30, 2022, the Legislature

1

without issuing an order to show cause or holding an evidentiary hearing, concluding the stated factual basis for defendant's guilty plea refuted the allegations in his petition for resentencing, rendering him ineligible for relief.

As we shall explain, while we agree with the trial court's assessment that the stated factual basis, *if true*, demonstrates defendant stabbed the attempted murder victim with the intent to kill, defendant did not stipulate to the factual basis or otherwise admit the truth of the facts recited by the prosecutor. We agree with defendant that the trial court improperly engaged in factfinding at the prima facie stage and reverse for that reason. As a result, it is unnecessary to address defendant's related argument that by engaging in factfinding at the prima facie stage, the trial court also violated his due process rights.

BACKGROUND

In February 2017, defendant and several other Norteño gang members got into a gang-related fight with two individuals, including J.D., who was stabbed during the fight. J.D. survived, but his injuries required hospitalization.

The same month, defendant and various codefendants were charged with attempted murder, assault with force likely to produce great bodily injury, and participation in criminal street gang activity. With respect to the attempted murder charge, the prosecution also alleged that defendant and each codefendant committed the offense for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further, or assist in criminal conduct by gang members.

In June 2018, defendant entered a guilty plea to the attempted murder charge and admitted the gang enhancement in exchange for dismissal of the remaining counts and

---

renumbered former section 1170.95 as section 1172.6 without substantive changes. (Stats. 2022, ch. 58, § 10.) We shall refer to the current section throughout this opinion.

2

enhancement allegations and a stipulated sentence of nine years. Before accepting defendant's guilty plea, the trial court asked whether there was "a stipulation as to the factual basis based on the transcript of the preliminary examination." The prosecutor informed the trial court that there had not yet been a preliminary hearing. The trial court then asked: "So what is the factual basis?" The prosecutor responded: "Your Honor, on February 14th of 2017, at the South Side Park in Manteca, California, which is in San Joaquin County, [defendant], along with several other Norteño gang members, got into a fight with the victims, [J.D. and C.R.]. During the fight, [defendant] and [one of the charged codefendants] were punching, kicking and hitting [J.D.], knocking him to the ground. At one point [defendant] had a knife and stabbed [J.D.] in the head and neck and chest area, attempting to kill him. He suffered significant injuries and had to be hospitalized." The prosecutor further stated that testimony from a gang expert would satisfy the elements of the gang enhancement. Without asking whether defendant (or his attorney) stipulated to this factual basis, the trial court stated: "I do find a factual basis for the plea."

The trial court then provided defendant with all required advisements and received appropriate waivers from defendant before accepting his plea of guilty to the crime of attempted murder and admission to the gang enhancement. The trial court also dismissed the remaining counts and enhancement allegations. Defendant was sentenced to a determinate term of nine years in accordance with the plea agreement in August 2018.

In March 2022, defendant filed the petition for resentencing at issue in this appeal. In the form petition, tracking the requirements of section 1172.6, subdivision (a), defendant checked boxes indicating: (1) a complaint was filed against him that allowed the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine; (2) he accepted a plea offer in lieu of going to trial on the attempted murder charge; and (3) he could not presently be convicted of attempted murder because of changes to sections 188 and 189 made effective January 1, 2019.

Defendant also requested the appointment of counsel to represent him in pursuing relief under this section. The same month, the trial court appointed counsel to represent defendant.

The prosecution filed a response to the petition in April 2022. The main argument advanced by the prosecution was that defendant could still be convicted of attempted murder because the factual basis for defendant's plea indicates that he "harbored the specific intent to kill when he stabbed his victim in the head, neck and chest area."

Defendant filed a reply brief the following month. Defendant argued his petition established a prima facie case for relief, requiring the trial court to issue an order to show cause and hold an evidentiary hearing. As relevant here, defendant argued his guilty plea to the attempted murder charge and admission to the gang enhancement did not disqualify him from relief as a matter of law because the complaint charged four people with attempted murder, did not allege who was the actual perpetrator, and did not include an enhancement for personal infliction of great bodily injury or personal use of a weapon. Thus, defendant argued, had the case gone to trial, he could have been tried for attempted murder on a theory of aiding and abetting a gang assault, the natural and probable consequence of which was attempted murder committed by one of his codefendants. With respect to the prosecution's argument that the factual basis for defendant's guilty plea conclusively established that he was convicted of attempted murder as the direct perpetrator who stabbed the victim with the intent to kill, defendant argued his stipulation to a factual basis for the plea did not admit the truth of the facts stated by the prosecution.

The trial court held a hearing on the petition in September 2022. After hearing argument from both sides, the trial court denied the petition without issuing an order to show cause or holding an evidentiary hearing. As the trial court explained its reasoning, "the key to this" was the factual basis for the guilty plea. The trial court concluded the factual basis clearly demonstrated that defendant "personally attacked the victim and . . . acted with the intent to kill," refuting his entitlement to relief. In this regard, the trial

4

court added: "[W]hat's the point of a factual basis if we can't use it in a hearing like this? Why bother with a factual basis? I think the factual basis is crucial."

DISCUSSION

Defendant contends the trial court erred in denying his petition for resentencing without issuing an order to show cause and holding an evidentiary hearing because the stated factual basis for his guilty plea did not conclusively show that he is ineligible for relief and his guilty plea following the prosecutor's recitation of the factual basis did not amount to a stipulation or admission to the truth of those facts. We conclude defendant is entitled to an evidentiary hearing on his petition.

A.     *Relevant Changes to Attempted Murder Liability*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, eliminated the natural and probable consequences doctrine as a basis for murder liability and limited the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*); §§ 188, subd. (a)(3), 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 2, 3.) Senate Bill No. 1437 also created a procedure for defendants convicted of murder under the prior law to seek the ameliorative benefits of the new law by filing a petition to have his or her murder conviction vacated and to be resentenced on any remaining counts. (*Lewis*, at p. 957; § 1172.6.)

Effective January 1, 2022, Senate Bill No. 775 (2020-2021 Reg. Sess.) expanded the petition process to include persons convicted of attempted murder under the natural and probable consequences doctrine. (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1006; § 1172.6, subd. (a).)

Thus, at the time of defendant's guilty plea, the law allowed him to be convicted of attempted murder under the natural and probable consequences doctrine, i.e., on a theory that he participated in a gang assault, the natural and probable consequence of which was attempted murder committed by one of the coparticipants in that assault. (See, e.g., *People v. Montes*, *supra*, 71 Cal.App.5th at p. 1008 [the defendant was convicted of

5

attempted murder based on his participation in the target offense of assault "because the perpetrator . . . intended to kill and the perpetrator's attempted murder was a natural and probable consequence of [the] assault"].)  The new law, however, eliminates such a theory.  Now, the People are required to prove that defendant himself harbored the requisite mental state for attempted murder—express malice.  (See *People v. Smith* (2005) 37 Cal.4th 733, 741 [the mental state required for attempted murder is "intent to kill or express malice"].)

    B.    *Analysis*

We must determine whether the trial court erred in concluding the stated factual basis for defendant's guilty plea conclusively undermined his prima facie case for relief. As we explain below, the trial court erred in this regard.

Section 1172.6, subdivision (a) provides in relevant part:  "A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner . . . accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of . . . attempted murder.  [¶]  (3) The petitioner could not presently be convicted of . . . attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

There is no dispute that defendant's petition alleged each of these conditions and otherwise satisfied the requirements of the statute.  (See § 1172.6, subd. (b)(1)(A)-(C).) Thus, the trial court properly appointed counsel (*id*., subd. (b)(3)) and "proceed[ed] to subdivision (c) to assess whether [defendant] made 'a prima facie showing' for relief" (*Lewis*, *supra*, 11 Cal.5th at p. 960; § 1172.6, subd. (c) [setting a briefing schedule and

6

requiring the court to "hold a hearing to determine whether the petitioner has made a prima facie case for relief"]).

The trial court also correctly determined it could consider the record of conviction, including the stated factual basis for defendant's guilty plea, in determining whether defendant made a prima facie case for relief. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-971; see *People v. Sohal* (1997) 53 Cal.App.4th 911, 915 ["reporter's transcript of a plea is considered part of the 'record of conviction' "].) As our Supreme Court has explained, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.) At the same time, "the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.]" (*Ibid.*) Our Supreme Court also cautioned: "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] As the People emphasize, the 'prima facie bar was intentionally and correctly set very low.' " (*Id.* at p. 972.)

" 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' [Citation.]" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) Here, the trial court concluded the stated factual basis for defendant's guilty plea supplied the necessary refutation. We agree that the stated factual basis, *if true*, demonstrates defendant stabbed the attempted murder victim with the intent

7

to kill, fatally undermining his prima facie case for relief. Defendant did not, however, stipulate to the stated factual basis or otherwise admit the truth of the facts recited by the prosecutor.

*People v. Davenport* (2021) 71 Cal.App.5th 476 (*Davenport*) is instructive. The defendant in that case pled no contest to second degree murder and admitted a firearm use enhancement. Without stipulating to a factual basis, the defendant initialed paragraphs on the plea form indicating that he discussed the evidence against him with his attorney and believed that a jury hearing that evidence could find him guilty. (*Id*. at p. 479.) The trial court later denied the defendant's petition for resentencing at the prima facie stage because he admitted the firearm enhancement and the preliminary hearing transcript indicated that he personally shot and killed his former girlfriend's new boyfriend. (*Id*. at p. 480.) On appeal, our colleagues at the First Appellate District held it was error to rely on the preliminary hearing transcript at the prima facie stage because the defendant did not stipulate to that transcript as the factual basis for his plea or admit the truth of the facts adduced at that hearing. (*Id*. at pp. 481, 483-484.) After explaining that " 'a ruling holding a defendant to answer is in no way equivalent to a jury's factual finding or a defendant's admission[,]' " the appellate court concluded the trial court "engaged in 'impermissible factfinding' at the prima facie stage by relying on facts taken from the preliminary hearing transcript that were not stipulated to or admitted." (*Id*. at p. 482.) With respect to the firearm enhancement, the court explained that the defendant's admission to having used a firearm did not conclusively refute the possibility that he was convicted on a theory of felony murder. (*Id*. at pp. 484-485.)

The *Davenport* court further explained that the prima facie stage "is a test of the petitioner's pleaded allegations, not an inquiry into the truth of those allegations and the credibility of the evidence on which they may rely. [Citation.] The exception, for 'readily ascertainable facts' in the record of conviction that ' " 'refut[e] the allegations made in the petition' " ' [citation], bars a petitioner from pleading things that the record

8

of conviction necessarily establishes are untrue (such as an allegation that he is entitled to resentencing relief for an offense that is not listed in the statute). [Citation.] If the exception were to be read more broadly, allowing inquiry into the historical facts that may appear in the court's files but were never admitted by the petitioner as the factual basis for a plea, the exception would swallow the rule and convert the prima facie inquiry into a factual contest, which is reserved for evidentiary hearings at the section [1172.6], subdivision (d) stage." (*Davenport*, *supra*, 71 Cal.App.5th at p. 483.)

Similarly, here, defendant did not stipulate to a factual basis for his plea, either in writing on a plea form or verbally at the change of plea hearing. (The record in this case does not even contain a plea form.) Nor can defendant's silence following the prosecutor's recitation of the factual basis somehow be interpreted as an "implied" stipulation or admission by defendant. Obviously, counsel's statement, without defendant's assent, is only a statement; it is not evidence. For all these reasons, we conclude defendant did not expressly or impliedly admit to having stabbed the victim with a knife in the head, neck, and chest, attempting to kill him. Although this may have been the prosecution's main theory of the case, the complaint filed against defendant also allowed the prosecution to pursue a theory of natural and probable consequences even if the stabbing was perpetrated by one of the other participants in the gang assault. (See, e.g., *People v. Montes*, *supra*, 71 Cal.App.5th at p. 1008.) Without defendant's admission to having personally stabbed the victim with the intent to kill, we do not know whether that was the actual basis for defendant's plea, or whether defendant pled guilty because he believed the jury would have convicted him of attempted murder on a natural and probable consequences theory even if he was not the person who stabbed the victim.

Had the matter gone to trial, the record of conviction might shed some light on the basis for defendant's conviction because then we would know whether the jury was instructed on the natural and probable consequences doctrine. "However, the record of conviction involving a plea 'will generally lack any comparable assurance of the basis for

9

the conviction.' [Citation.] This is because a magistrate or grand jury is not required to be convinced beyond a reasonable doubt that the defendant committed every element of the offense, but rather ' " ' "must be convinced only of such a state of facts as would lead a [person] of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of the guilt of the accused. . . ." ' " ' [Citation.] Furthermore, the instructions to a grand jury 'do not fix the theories on which a case may be prosecuted or establish the basis for a postindictment plea.' " (*People v. Flores* (2022) 76 Cal.App.5th 974, 990.)

In *Flores*, the defendant pled no contest to second degree murder and "stipulated that the police reports and preliminary hearing transcripts provided a factual basis for the plea." (*People v. Flores*, *supra*, 76 Cal.App.5th at p. 982.) Our colleagues at the Fifth Appellate District held the defendant established a prima facie claim for resentencing because his petition was facially sufficient, the charging document did not specify or exclude any particular theory of murder, the defendant did not admit or stipulate to any particular theory of murder, and the preliminary hearing transcript did not establish his ineligibility as a matter of law. (*Id*. at pp. 987-989.)

Like in *Flores,* defendant's petition is facially sufficient. The complaint filed against him did not specify that he was being charged with attempted murder as the person who stabbed the victim with the intent to kill, nor did it limit the prosecution's ability to proceed on a natural and probable consequences theory at trial. Although the prosecutor's stated factual basis indicates that defendant stabbed the victim with the requisite intent, defendant did not admit or stipulate to this stated factual basis. Again, without such a stipulation or admission, we cannot conclude the record of conviction conclusively refutes defendant's entitlement to relief as a matter of law.[2]

_____

[2] The lack of an admission by defendant distinguishes this case from *People v. Fisher* (2023) 95 Cal.App.5th 1022 recently decided by our colleagues at the Second Appellate

10

Relying on *People v. Nguyen* (2020) 53 Cal.App.5th 1154, the People argue that because the stated factual basis indicates defendant was charged with attempted murder as the direct perpetrator who acted with intent to kill, and "the pre-plea proceedings . . . contain 'no mention' of evidence or argument" regarding the natural and probable consequences doctrine, "it is 'conjecture and speculation' [for defendant] to argue that [the natural and probable consequences doctrine] could have been the basis for the prosecution had the case gone to trial." We are not persuaded. First, it is not speculation that the People could have proceeded on a natural and probable consequences theory at trial. Nothing in the charging document prevented the People from doing so.

Second, unlike *Nguyen*, where the defendant stipulated to the preliminary hearing transcript as the factual basis for his plea (*People v. Nguyen*, *supra*, 53 Cal.App.5th at p. 1161), here, there was no such stipulation. Thus, this case is more analogous to *Davenport*. And finally, the People's suggestion that the record of conviction must contain evidence or argument regarding the natural and probable consequences doctrine in order for defendant to prevail "allocates to [defendant] an evidentiary burden that should be on the state [citation], and effectively raises ' "the prima facie bar [that] was intentionally and correctly set very low" ' [citation]." (*Davenport*, *supra*, 71 Cal.App.5th at p. 483.)

---

District. In *Fisher*, the defendant, who was the only person charged with two counts of murder and one count of attempted murder, pleaded guilty to the charges and expressly admitted during the plea colloquy that the prosecutor's statement of the facts was " 'basically [what] happened that night.' " (*Id*. at pp. 1024-1026.) Fisher's admission of the statement of facts indicated that he, again the only person charged, personally shot and killed the victims named in counts 1 and 2 and personally shot and injured the victim named in count 3. (*Id*. at pp. 1025-1026.) After distinguishing *Davenport*, and other cases, the court explained that because Fisher "specifically admitted to shooting and killing two people and shooting and injuring a third person, he is ineligible for relief as a matter of law." (*Id*. at p. 1030.) The record in this case contains *no* admission by defendant let alone one comparable to that made by Fisher.

11

We conclude the trial court erred in denying defendant's resentencing petition at the prima facie stage without issuing an order to show cause and holding an evidentiary hearing.

DISPOSITION

The order denying defendant's petition for resentencing is reversed.  The matter is remanded to the trial court with directions to issue an order to show cause and hold an evidentiary hearing on defendant's petition.

/s/
Wiseman, J.*

We concur:

/s/
Duarte, Acting P. J.

/s/
Renner, J.

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.