Filed 1/24/24  P. v. Davis CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C097495 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-CNV-1997-0017439) |
| v. | |
| WILLIS DAVIS, | |
| Defendant and Appellant. | |

In 1997, Willis Davis pled guilty to second degree murder.  In 2022, he filed a petition for resentencing pursuant to Penal Code section 1172.6.[1]  The trial court denied the petition at the prima facie stage based on preliminary hearing testimony from police officers who had interviewed two witnesses.  The officers testified both witnesses stated there were two masked men present at the shooting, and one witness identified Davis as

---

[1]    Undesignated statutory references are to the Penal Code.

the shooter. The trial court found the preliminary hearing testimony showed the prosecution's theory was that Davis was the actual killer, and he was thus not eligible for resentencing. On appeal, Davis makes just one narrow argument—that the trial court erred in relying on the officers' hearsay testimony from the preliminary hearing to deny his petition at the prima facie stage. Based on the facts of this case, we agree.

## BACKGROUND

### A. The Underlying Murder Conviction

We have been provided with only three documents from the underlying record of conviction—the preliminary hearing transcript, the change of plea transcript, and the abstract of judgment. We do not have a copy of the complaint or the information.

Davis's preliminary hearing was held on August 19, 1997. From the cover page of the transcript, it appears Davis was charged with murder, burglary, robbery, discharge of a firearm at an inhabited dwelling, and vandalism. The murder victim was Jocelyn Williams. As to the murder charge, three law enforcement officers and the pathologist who performed the autopsy testified. Detective Richard Salsedo testified he interviewed T.H., who lived at the house where the killing occurred. T.H. stated she walked out of the kitchen and into the living room and saw a Black man with a rifle and wearing a bandana over his face. The man was pointing the rifle at Williams, and he said something like "Who's from the east?" There was a second Black man wearing a "Halloween-type mask" standing at the front door to the house. T.H. "said that she saw Jocelyn get into a struggle over the rifle." T.H. walked out of the house, heard gunshots, and the two men ran from the house. T.H. went back into the house, found Williams had been shot, and called 911.

The pathologist who performed the autopsy testified Williams died from a gunshot wound to the trunk.

Detective Salsedo testified he also interviewed Myron Dorsey, and Dorsey admitted he was one of the two men present at the time of the shooting. Dorsey stated

2

the other man's name was Willis, and they went to the house "to do something like a robbery." We note that the prosecutor made two generic references at the preliminary hearing to "the codefendant," and Detective David Anderson identified Dorsey as "the codefendant in this case."

Officer Jimmy Kwan testified he interviewed a witness, C.D., who stated he saw two men enter the house, he heard two to three gunshots, and he saw the men running away. C.D. stated the men were Black, one wore a dark bandana over his face, and the other wore a "robot-type mask" and carried a rifle.

Detective Anderson testified he found 22-caliber shell casings on the front porch and in the house, and he found a .22-caliber rifle, bandanas, and an "oriental-looking mask" at Davis's house. Detective Anderson also showed T.H. two photographic lineups—one "full-faced" and the other with the faces covered from the nose down. According to Detective Anderson, T.H. identified Davis as the shooter in both lineups. Detective Anderson also played T.H. audio clips of police interviews with Davis and Dorsey, and T.H. identified Davis's voice as that of the shooter.

At the conclusion of the preliminary hearing, the court held Davis to answer to five charges: murder (no degree was mentioned) during the commission of attempted robbery and burglary, with a personal use of a firearm allegation; burglary; and three other charges involving an unrelated incident.

A change of plea hearing was held on September 29, 1997, in two cases: *People v. Davis*, San Joaquin County Superior Court case No. SP061873A and *People v. Dorsey*, San Joaquin County Superior Court case No. SP061767A. At the hearing, Davis pled guilty to the second degree murder of Williams, in exchange for all other charges, enhancements, and allegations being dismissed. Dorsey pled guilty to the voluntary manslaughter of Williams (it appears that, like Davis, he was initially charged with murder) and two other unrelated counts, in exchange for all other charges and enhancements being dismissed. No factual basis for the pleas appears in the transcript of

3

the hearing. Although the trial court did not actually pronounce the sentences at the change of plea hearing, it explained to Davis and Dorsey that they would plead guilty, and it would sentence them to 15 years to life and 11 to 15 years respectively. The abstract of judgment in Davis's case shows he was sentenced to 15 years to life.

### B. The Resentencing Petition

On January 31, 2022, Davis filed a check-the-box form petition for resentencing pursuant to section 1172.6,[2] and asked the court to appoint counsel to represent him, which it did. The prosecution filed an informal response arguing Davis was not eligible to resentencing because he "was prosecuted as the actual killer," as was "readily ascertainable from the preliminary hearing transcript."

At a hearing on October 3, 2022, the court stated it had ordered the original case file and it scheduled another hearing for November 14, 2022.

At the November 14, 2022, hearing, the court ordered the prosecution to provide the court and defense counsel with the preliminary hearing and change of plea transcripts, and it scheduled another hearing for December 2, 2022.

At the December 2, 2022, hearing, the trial court stated it had reviewed the petition, the informal response, the change of plea transcript, and the preliminary hearing transcript. The prosecution and the trial court both acknowledged the change of plea transcript did not contain a factual basis for the plea. The trial court noted Davis pled

---

[2] The form had three boxes to check—one for each of the conditions for eligibility for resentencing stated in section 1172.6, subdivision (a). The form also stated all three boxes must be checked to be considered for resentencing. Davis did not check the third box ("I could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019"). Although the People note this fact in their brief, they also acknowledge the trial court and the parties below proceeded on the assumption that all three boxes were checked, and they do not argue the petition should have been denied on this basis. Like the trial court and the parties below, we will proceed on the assumption that all three boxes were checked, and that Davis filed a facially sufficient petition.

guilty to second degree murder, and the "co-defendants [*sic*] pled to voluntary manslaughter, the same victim." The court also noted police officers had testified at the preliminary hearing, those officers had interviewed witnesses, and one officer testified a witness had identified Davis as the shooter in two photo lineups and a voice lineup. It concluded "the Court cannot find a prima facie basis to issue an order to show cause and set this for an evidentiary hearing" because "[t]he theory all along from the People is that Mr. Davis was the shooter, the actual killer," he was "held to answer as the shooter and the killer," and he pled guilty, "the theory of which he was the killer." The trial court thus denied the petition for resentencing.

This appeal followed.

## DISCUSSION

Davis argues it was improper for the trial court to rely on hearsay testimony given by police officers at the preliminary hearing to summarily deny his petition at the prima facie stage. We agree.

*A. The Resentencing Process*

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) All murder requires malice, and Senate Bill 1437 amended section 188, subdivision (a)(3), to prohibit imputing malice based solely on an individual's participation in a crime. Senate Bill 1437 also amended section 189, subdivision (e), to provide that a defendant can be convicted under a felony-murder theory only if: (1) they were the actual killer; (2) they were not the actual killer but, with the intent to kill, assisted the actual killer in the commission of the murder; or (3) they

5

were a major participant in the underlying felony and acted with reckless indifference to human life. (§ 189, subd. (e)(1)-(3).)

Senate Bill 1437 also enacted former section 1170.95, now section 1172.6, to provide a procedural mechanism for those convicted of murder under the prior law to petition to have their convictions vacated and to be resentenced on any remaining counts. A defendant is eligible for resentencing "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

The resentencing process begins with the filing of a petition that includes, among other things, a declaration that all requirements for eligibility are met. (§ 1172.6, subd. (b)(1)(A).) "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citations.]" (*People v. Strong* (2022) 13 Cal.5th 698, 708, citing *People v. Lewis* (2021) 11 Cal.5th 952, 970-972; § 1172.6, subd. (c).) If the petitioner makes a prima facie case, the court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c), (d).)

The petition in this case was denied at the prima facie stage. Our Supreme Court has emphasized that "the prima facie inquiry . . . is limited," and "the 'prima facie bar was intentionally . . . set very low.' " (*People v. Lewis, supra*, 11 Cal.5th at pp. 971, 972.) In considering whether the petitioner has made a prima facie showing, " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*Id*. at p. 971.) At this stage, the court does not "inquir[e] into the truth of those allegations and the credibility of the evidence on which they may rely." (*People v. Davenport* (2021) 71 Cal.App.5th 476, 483.) The court may also consider the record of conviction, which "will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.) The record of conviction can include the preliminary hearing and change of plea transcripts. (See *People v. Pickett* (2023) 93 Cal.App.5th 982, 988 [record of conviction may include preliminary hearing transcript], review granted Oct. 11, 2023, S281643; *People v. Sohal* (1997) 53 Cal.App.4th 911, 915 ["reporter's transcript of plea is considered part of the 'record of conviction' "].) Our Supreme Court has cautioned, however, "In reviewing any part of the record of conviction at this preliminary junction, *a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "* (*Lewis*, at p. 972, italics added.) The court may deny the petition at the prima facie stage only if the record of conviction contains " 'readily ascertainable facts,' " which are apparent without engaging in factfinding, that conclusively refute the petitioner's factual allegations as a matter of law, such as the fact that the petitioner was convicted of a crime that is not eligible for resentencing. (*People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1166; see also *Davenport*, at p. 481 ["the trial court 'should accept the assertions in the petition as true unless facts in the record conclusively refute them as a matter of law' "].)

Whether a trial court has properly denied a petition for resentencing at the prima facie stage is a question of law that is reviewed de novo. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

*B. Analysis*

The trial court denied Davis's petition at the prima facie stage because he pled guilty to murder in a case where the prosecutor's theory was that Davis was the actual killer. "As a matter of law, resentencing relief under section 1172.6 is not available to an 'actual killer.' " (*People v. Garcia* (2022) 82 Cal.App.5th 956, 973.) Thus, if the record of conviction conclusively demonstrated, without requiring any factfinding, that Davis was the actual killer, it would be proper to deny the petition at the prima facie stage. Davis argues the only evidence in the record of conviction that he was the actual killer is Detective Anderson's preliminary hearing testimony that T.H. identified Davis rather than Dorsey as the shooter. This testimony is obviously hearsay—a fact that the trial court implicitly acknowledged when it stated, "this was a Prop 115 preliminary hearing."[3] Although such hearsay is admissible at a preliminary hearing to establish probable cause, Davis argues the trial court erred in relying on it to deny his petition for resentencing at the prima facie stage. We agree.

As Davis notes, at the evidentiary hearing held after a petitioner makes a prima facie case, the law expressly states, "hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as

---

[3] Proposition 115 amended the California Constitution to provide hearsay evidence is admissible at preliminary hearings. (*Whitman v. Superior Court* (1991) 54 Cal.3d 1063, 1070.) It also amended section 872, subdivision (b) of the Penal Code. (*Whitman*, at p. 1070.) That subdivision currently provides, "Notwithstanding Section 1200 of the Evidence Code [the hearsay rule], the finding of probable cause may be based in whole or in part upon the sworn testimony of a law enforcement officer . . . relating the statements of declarants made out of court offered for the truth of the matter asserted." (§ 872, subd. (b).)

hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule."[4] (§ 1172.6, subd. (d)(3).) He cites *People v. Flores* (2022) 76 Cal.App.5th 974 to support his argument that such evidence also cannot establish a petitioner's ineligibility for resentencing at the prima facie stage. One of the issues in *Flores* was whether the factual summary in an appellate opinion could be considered at the prima facie stage to establish a petitioner was the actual killer. The *Flores* court held it could not. In so holding, it noted that, at the evidentiary hearing, subdivision (d)(3) of section 1172.6 provides the court " 'may consider the *procedural history* of the case recited in any prior appellate opinion.' " (*Flores*, at p. 988, citing current § 1172.6, subd. (d)(3).) It then held, "If such evidence [i.e., the factual summary in an appellate opinion] may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage." (*Flores*, at p. 988.) In a footnote, the court acknowledged that subdivision (d)(3) of section 1172.6 only governs the admission of evidence at the evidentiary hearing following the issuance of an order to show cause, and does not expressly govern the admission of evidence at the prima facie hearing. (*Flores*, at p. 988, fn. 9.) It nonetheless reiterated, "we fail to see how evidence that cannot establish a petitioner's ultimate eligibility for resentencing could establish a petitioner's ineligibility for resentencing at the prima facie stage." (*Ibid*.)

Although this case involves hearsay testimony at a preliminary hearing rather than the factual summary in an appellate opinion, we find *Flores*'s reasoning both persuasive and equally applicable here. As in *Flores*, if such evidence cannot establish a petitioner's ultimate eligibility for resentencing, we fail to see how it could establish a petitioner's ineligibility for resentencing at the prima facie stage.

---

[4] We note the People do not argue the officer's testimony is admissible pursuant to an exception to the hearsay rule.

The People argue the officer's testimony is not being offered for the truth of the matter asserted, but only to demonstrate the prosecution's theory of the case. This argument is circular because it is akin to asserting the officer's testimony is not being offered to prove that Davis was the actual killer, but only to demonstrate the prosecution's theory was that Davis was the actual killer. The argument is also unpersuasive because the prosecution's theory of the case can only be demonstrated by relying on the officer's testimony for the truth of the matter asserted. Moreover, and more importantly, at the prima facie hearing the trial court stated, "Detective Anderson showed a witness a photo lineup. She identified Mr. Davis as the shooter in two separate photo lineups. She also recognized his voice as the voice of the shooter." The court's statement strongly suggests it considered Detective Anderson's testimony for its truth (i.e., that Davis was the shooter) in determining Davis was not eligible for resentencing. Considering hearsay testimony for its truth necessarily involves factfinding, which is not permissible at the prima facie stage. (See, e.g., *People v. Drayton* (2020) 47 Cal.App.5th 965, 982 [determining whether the defendant was a major participant in underlying felony "necessarily requires the weighing of facts and drawing inferences," which is not permitted at prima facie stage], disapproved in part on other grounds in *People v. Lewis, supra*, 11 Cal.5th at p. 963; *People v. Cooper* (2020) 54 Cal.App.5th 106, 124 [trial court's reliance on eyewitness testimony at preliminary hearing to determine the petitioner could still be convicted of murder "necessarily required factfinding"].)

We note that the outcome in this case might be different if Davis had stipulated that the preliminary hearing testimony was the factual basis for his guilty plea, but he did not. This fact distinguishes this case from *People v. Nguyen, supra*, 53 Cal.App.5th 1154, a case cited by both the trial court at the prima facie hearing and the People in their appellate brief. In *Nguyen*, the defendant pled guilty to second degree murder, and also stipulated at the plea hearing " 'that the factual basis [for the guilty plea] is based upon the preliminary hearing.' " (*Id*. at p. 1161.) In that circumstance, the court held "[t]he

10

transcripts from the preliminary and plea hearings demonstrate Nguyen was convicted of second degree murder as a direct aider and abettor," and he was thus not entitled to relief as a matter of law. (*Id*. at p. 1166.) There is another reason that *Nguyen* is distinguishable from this case. The preliminary hearing testimony in *Nguyen* was from percipient witnesses, not officers testifying to hearsay statements made by percipient witnesses. (*Id*. at pp. 1158-1160; see also *People v. Davenport* (2023) 95 Cal.App.5th 1150, 1153-1154 [witness to shooting testified at preliminary hearing]; *People v. Pickett, supra*, 93 Cal.App.5th at pp. 985-986, review granted ["two individuals with personal knowledge of the events" testified at preliminary hearing].)

The outcome of this case might also be different if Davis had admitted the truth of particular facts at the plea hearing, but, again, he did not. (See *People v. Rivera* (2021) 62 Cal.App.5th 217, 234-235 ["absent an indication that a defendant admitted the truth of particular facts, the stipulation to a factual basis for the plea does not 'constitute[] a binding admission for all purposes' " and does not "preclude relief under section [1172.6]"]; cf. *People v. Patton* (2023) 89 Cal.App.5th 649, 653 [the defendant pled no contest to attempted murder and admitted he personally used and discharged a firearm in the course of the crime], review granted June 28, 2023, S279670; *People v. Pickett, supra*, 93 Cal.App.5th at p. 986, review granted [the defendant pled guilty to second degree murder "and admitted the firearm allegation" and "[t]here was no evidence suggesting that anyone other than [the defendant] was involved in [the victim's] death"].) As noted above, the record of conviction does not contain the factual basis for Davis's guilty plea—a fact that distinguishes this case from many of the cases cited by the People in their brief.

Because we conclude that the trial court's reliance on the preliminary hearing testimony constituted improper factfinding, we reverse.

11

## DISPOSITION

The order denying Davis's petition for resentencing at the prima facie stage is reversed, and the matter is remanded to the trial court with instructions to issue an order to show cause and hold an evidentiary hearing.

/s/
EARL, P. J.

We concur:

/s/
RENNER, J.

/s/
KEITHLEY, J.*

---

* Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.