Filed 5/13/24  P. v. Gomez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICARDO GOMEZ,<br><br>    Defendant and Appellant. | H050814<br>(Santa Clara County<br> Super. Ct. No. C1650718) |

Defendant Ricardo Gomez pleaded guilty to murder and other crimes arising from charges that, while intoxicated, he sped through a red light and struck and killed a pedestrian.  He is currently serving a sentence of 15 years to life consecutive to three years.  Gomez appeals from an order denying his petition for resentencing under Penal Code section 1170.95 (now Pen. Code, § 1172.6)[1].  Gomez argues the trial court improperly denied his petition at the prima facie stage by relying on preliminary hearing evidence.  For the reasons stated here, we will affirm the order.

### I.    TRIAL COURT PROCEEDINGS

We derive the following factual summary from the unpublished opinion filed in 2020 granting Gomez's request for remand for resentencing (case No. H046937).  On our own motion, we take judicial notice of the record in case No. H046937 because our

---

[1]  In 2022 the Legislature renumbered Penal Code section 1170.95 to Penal Code section 1172.6 without substantive change to the text.  (Stats. 2022, ch. 58, § 10, eff. June 30, 2022.)  Although the petition references Penal Code section 1170.95, we primarily refer to the current statute for clarity.  Unspecified statutory references are to the Penal Code.

analysis here relies on the preliminary hearing transcript rather than the factual summary contained in our prior opinion. (Accord *People v. Clements* (2022) 75 Cal.App.5th 276, 293.)

At approximately 4:30 p.m. on November 10, 2016, Gomez ran a red light in downtown San Jose. Gomez's truck entered an intersection nearly three seconds after the light had changed to red at an approximate speed of 49 miles per hour. Gomez's truck collided with another vehicle in the intersection, hit a pedestrian, and then crashed into a parked news van. The pedestrian was killed and two occupants of the news van suffered injuries. Gomez's blood alcohol content was 0.25 percent approximately 90 minutes after the collision.

Gomez had three prior DUI convictions: two for driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)) and one for driving with blood alcohol content of 0.08 percent or higher (*id.*, subd. (b)).

The Santa Clara County District Attorney charged Gomez with murder (Pen. Code, § 187); driving under the influence of alcohol causing injury (Veh. Code, § 23153, subd. (a)); and driving with a blood alcohol content of 0.08 percent or higher causing injury (*id.*, § 23153, subd. (b)).

At the preliminary hearing, the prosecutor presented three witnesses who identified Gomez as the driver of the truck, including one of the news van's occupants; Gomez's cousin; and a San Jose police sergeant who apprehended Gomez as he walked away from his truck. The prosecutor also introduced surveillance video of the accident showing Gomez getting out of his truck and being stopped by the police sergeant.

The prosecutor explained that the theory of murder was implied malice while driving drunk, as set forth in *People v. Watson* (1981) 30 Cal.3d 290 (*Watson*), known colloquially as "*Watson* murder." The prosecutor submitted certified records of Gomez's prior DUI convictions to establish Gomez's "knowledge of the dangers of drinking and driving" and "the implied malice requirement."

Gomez's counsel conceded that the preliminary hearing testimony and evidence demonstrated that Gomez "ran a red light at a high speed, and that as a result of that a pedestrian was killed," that "his blood alcohol was .25, which is more than three times the legal limit" and that "he has three prior DUI convictions." Gomez was held to answer on the charges and allegations.

Gomez entered into an open plea, whereby he pleaded guilty to all counts and admitted all allegations. The prosecutor and defense counsel stipulated to a factual basis for the plea based on the "offense reports." Gomez also signed an "Advisement of Rights, Waiver and Plea Form" (plea form) in which his counsel stipulated to the factual basis for his plea based on the investigative reports, the preliminary hearing transcript and other materials within the trial court's file. The trial court orally confirmed with Gomez that he had reviewed the plea form with his counsel and understood its terms. After finding a factual basis for the pleas based on the offense reports, preliminary hearing transcript, and the stipulation of counsel, the trial court accepted Gomez's pleas and admissions.

Representing himself, Gomez petitioned under former section 1170.95 to vacate his murder conviction and for resentencing. Gomez alleged his conviction was based on a theory of felony murder, murder under the natural and probable consequences doctrine or other theory of imputed malice and that he could not now be convicted of murder due to changes made to section 188.

The trial court appointed counsel for Gomez. The district attorney filed written opposition to the petition based on percipient witness testimony from the preliminary hearing. The district attorney argued that, as "the driver of the car that crashed and killed" the victim, "the only conceivable theory of his guilty plea was that he was a direct perpetrator" and "even if he could have been convicted of felony murder, as an actual killer, he would also still be ineligible as a matter of law."

3

At the hearing on the petition, Gomez's counsel stated he had not filed any supporting papers, did not dispute the prosecution's characterization of the preliminary hearing, and did not have anything to add to Gomez's form petition. Counsel acknowledged that the plea form stipulated to "the preliminary hearing, the police report and other evidence as providing the factual basis in this case."

The trial court denied the petition without issuing an order to show cause. In its written order it found Gomez "ineligible for relief under section 1172.6 as a matter of law because he was the actual killer." The trial court noted the stipulated factual basis included the preliminary hearing transcript, and the "evidence at the preliminary hearing (without considering any section 872(b) hearsay) established that defendant knowingly ran a red light in a car causing a collision that killed a pedestrian." The court stated the petition "ignore[s] there was no accomplice to impute malice to him and that felony murder is simply unavailable for murders of this type." It concluded that, "[a]s the driver of the car that crashed and killed [the victim] the only conceivable theory of his plea was that he was a direct perpetrator."

## II.    DISCUSSION

### A.    PRIMA FACIE ELIGIBILITY UNDER SECTION 1172.6

A person convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime," or "attempted murder under the natural and probable consequences doctrine," may petition under section 1172.6 to have those convictions vacated when certain conditions are satisfied. (§ 1172.6, subd. (a).) An order to show cause must issue if a petitioner makes a prima facie case for relief. (§ 1172.6, subd. (c).) The "parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case." (*People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*).) Where a conviction results from a guilty plea, the record of conviction can include the preliminary hearing and change of

4

plea transcripts.  (*People v. Reed* (1996) 13 Cal.4th 217, 223; *People v. Pickett* (2023) 93 Cal.App.5th 982, 988 (*Pickett*), rev. granted Oct. 11, 2023, S281643) [record of conviction may include preliminary hearing transcript]; *People v. Sohal* (1997) 53 Cal.App.4th 911, 915 [reporter's transcript of plea is considered part of record of conviction].)  Although at the prima facie stage, the trial court must accept a petition's factual allegations as true and determine whether the petitioner would be entitled to relief if those factual allegations were proved, if the record of conviction contains facts refuting the allegations in the petition, the court must deny the petition.  (*Lewis*, at p. 971.)  We independently review the question of whether a petitioner has made a prima facie showing.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

### B.  GOMEZ HAS NOT ESTABLISHED A PRIMA FACIE CASE

Based on our independent review, we conclude that Gomez is not entitled to relief under section 1172.6.  The uncontradicted facts in the record of conviction demonstrate that he was the sole perpetrator and actual killer.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 233 (*Delgadillo*) [affirming summary dismissal at prima facie stage where record was clear that petitioner "was the actual killer and the only participant in the killing" resulting from what Delgadillo conceded at trial was his driving on wrong side of road while intoxicated].)  Gomez offers no alternative scenario in which he is not the sole perpetrator and actual killer, nor any suggestion that he could have been prosecuted under a now-invalid theory.  Where "defendant alleges no facts concerning the murder to which he pleaded guilty," and the Attorney General has introduced "without objection uncontroverted evidence from the preliminary hearing transcript showing that the defendant acted alone in killing the victim, and the defendant does not put forth, by way of briefing or oral argument, any factual or legal theory in support of his petition, the defendant has failed to make a prima facie showing for relief under section 1172.6."  (*Pickett*, *supra*, 93 Cal.App.5th at p. 990, rev. granted.)

5

Gomez's record of conviction demonstrates that he was prosecuted and pleaded guilty to vehicular homicide under a *still valid* theory of implied malice. Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 2) amended sections 188 and 189 to "eliminate[] natural and probable consequences liability for murder as it applies to aiding and abetting, and [to] limit[ ] the scope of the felony-murder rule." (*Lewis*, *supra*, 11 Cal.5th at p. 957.) But the legislation " 'did nothing to remove implied malice as a basis for a second degree murder conviction' " and " 'maintained the viability of murder convictions based on implied malice, and the definition of implied malice remains unchanged.' " (*People v. Carr* (2023) 90 Cal.App.5th 136, 144 (*Carr*).)

Gomez argues that the trial court made impermissible inferences against him based on the preliminary hearing transcript. Appellate courts are divided regarding the circumstances in which the trial court may deny a petition at the prima facie stage based on the preliminary hearing transcript, and the issue is currently pending before the California Supreme Court. (*People v. Patton* (2023) 89 Cal.App.5th 649, rev. granted June 28, 2023, S279670 [affirming denial of petition at prima facie stage based on preliminary hearing transcript].)

Gomez cites two decisions reversing summary denial of a petition at the prima facie stage: *People v. Davenport* (2021) 71 Cal.App.5th 476 (*Davenport*) and *People v. Rivera* (2021) 62 Cal.App.5th 217 (*Rivera*). He argues under *Davenport* that the trial court was not permitted to rely on evidence from the preliminary hearing that Gomez did not stipulate to or admit as the factual basis for his guilty plea. Gomez relies on *Rivera* to argue in the alternative that even if he stipulated to using the preliminary hearing transcript, his stipulation does not preclude issuing an order to show cause.

Gomez's reliance on *Davenport* is misplaced because, unlike Davenport, Gomez stipulated via the plea form to using the preliminary hearing transcript as the factual basis for his plea. As a result, the trial court's reliance on facts from the preliminary hearing transcript was not " 'impermissible factfinding' at the prima facie stage," as the

*Davenport* trial court had done.  (*Davenport*, *supra*, 71 Cal.App.5th at p. 482.)  In both *Davenport* and *Rivera*, the courts were confronted with the "essential difficulty of interpreting the meaning of a plea to a generic murder in the absence of a stipulation to the exact factual basis for the plea."  (*Id.* at p. 484.)  Because "Davenport did not stipulate that the preliminary hearing transcript provided the factual basis for his no contest plea, the transcript does not *conclusively* 'refute' his allegations" that he had been tried under now invalid theories.  (*Id.* at p. 483.)

The *Rivera* court concluded that although Rivera had stipulated to the grand jury transcript as the factual basis for his plea, "given that the allegation that a murder was committed 'willfully, unlawfully, and with malice aforethought' is a generic charge permitting the prosecution to proceed on *any* theory of murder," the record was not conclusive "that by admitting to the murder as charged Rivera admitted that he acted with actual malice, not just that the element of malice was satisfied."  (*Id.* at p. 234.)  The grand jury transcript reflected that Rivera's accomplice was the shooter, and it was undisputed that Rivera was not.  (*Id.* at pp. 224, 226.)  The trial court in *Rivera* was found to have properly declined to rely on the grand jury transcript because, "absent an indication that a defendant admitted the truth of particular facts, the stipulation to a factual basis for the plea does not 'constitute[ ] a binding admission for all purposes.' " (*Id.* at p. 235.)

There is no similar ambiguity here.  Gomez was prosecuted for *Watson* murder, i.e., vehicular homicide in which "implied malice can be inferred, in an appropriate case, when the defendant unintentionally killed someone while driving while intoxicated." (*Carr*, *supra*, 90 Cal.App.5th at p. 143.)  Consistent with the *Watson* implied malice theory, the prosecutor introduced evidence regarding the accident, Gomez's intoxication, and his prior DUI convictions necessary to establish implied malice based on his subjective understanding of and conscious disregard for the risk to life posed by driving

7

while intoxicated.  (See, e.g., *People v. Marlin* (2004) 124 Cal.App.4th 559, 572 [prior DUI convictions established implied malice].)

Citing *Rivera*, Gomez contends that stipulating to the preliminary hearing transcript as the factual basis for his guilty plea does not preclude relief under section 1172.6 because his stipulation did not establish all the evidence, disputes, and defenses that might have been asserted or proven at trial.  But unlike Gomez, Rivera's petition identified a specific alternative "theory under which the evidence presented to the grand jury was consistent with [the defendant's] guilt of murder under the natural and probable consequences doctrine, based upon an intent to participate in a target offense of assault."  (*Rivera*, *supra*, 62 Cal.App.5th at p. 239.)  Rivera's petition also emphasized that his co-defendant was undisputedly the actual killer and highlighted the lack of evidence that he shared or knew of his co-defendant's intent, that his co-defendant possessed a gun, or that he had assisted his co-defendant in any way except by driving the car.  (*Id*. at p. 226.)  Given these combined factors, the *Rivera* court held that "a defendant who stipulated to a grand jury transcript as the factual basis of the plea may make a prima facie showing of eligibility for relief *by identifying a scenario under which he or she was guilty of murder only under a now-invalid theory*, even if the record of conviction does not demonstrate that the indictment rested on that scenario."  (*Id.* at p. 224, italics added.)  Gomez offers no such scenario here.

Finally, Gomez contends that the amendments to former section 1170.95 now prohibit the trial court from relying on the preliminary hearing transcript at the prima facie stage.  Senate Bill No. 775 (2020-2021 Reg. Sess.; Stats. 2021, ch. 551, § 2) deleted language in former section 1170.95, subdivision (d)(3) that provided, according to Gomez's interpretation, "the court could rely on the record of conviction."  But the deleted text did not address what evidence the trial court could consider at the *prima facie* stage, stating only that the "prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens" at the

8

*evidentiary* stage. (*Ibid*.) Indeed, the Legislature's amendment explicitly codified the holding in *Lewis* "regarding the standard for determining the existence of a prima facie case." (Stats. 2021, ch. 551, § 1(b).) There the California Supreme Court explained that the "record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) As the preliminary hearing transcript is part of Gomez's record of conviction, the trial court was entitled to rely on the transcript to assess at the prima facie stage Gomez's eligibility for resentencing relief. (*Pickett*, *supra*, 93 Cal.App.5th at p. 988, rev. granted.)

### III. DISPOSITION

The order denying the Penal Code section 1172.6 petition for resentencing is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

H050814
*People v Gomez*