*SEE DISSENTING OPINION ATTACHED*

Filed 11/8/24  P. v. Dadabhai CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ZAIN DADABHAI,<br><br>Defendant and Appellant. | H050750<br>(Santa Clara County<br>Super. Ct. No. C1651935) |

In a negotiated disposition, defendant Zain Dadabhai pleaded no contest to gross vehicular manslaughter while intoxicated (Penal Code, section 191.5, subd. (a)) and related crimes arising from charges he and an accomplice robbed a person at gunpoint, then led police on a high-speed car chase ending in a collision that killed his accomplice. He is currently serving a determinate sentence of 13 years.  Dadabhai appeals from an order denying his petition for resentencing under Penal Code section 1170.95 (now Pen. Code, § 1172.6)[1].  Dadabhai argues the trial court improperly denied his petition at the prima facie stage by finding he is ineligible for resentencing because he was the sole and actual killer.  For the reasons stated here, we will affirm the order.

---

[1]  In 2022 the Legislature renumbered Penal Code section 1170.95 to Penal Code section 1172.6 without substantive change to the text. (Stats. 2022, ch. 58, § 10, eff. June 30, 2022.)  Although the petition references Penal Code section 1170.95, we primarily refer to the current statute for clarity.  Unspecified statutory references are to the Penal Code.

# I. TRIAL COURT PROCEEDINGS

The following factual summary is derived from Dadabhai's record of conviction, including the preliminary hearing transcript.[2]  As the robbery victim was walking home around midnight in San Francisco, a car stopped in front of him.  Two men got out of the car and robbed him at gunpoint.  They took his cell phone and other personal belongings and drove off.  The robbery victim ran home and called police, who located the stolen phone using its Global Positioning System tracking feature.

After police tracked the phone to Dadabhai's car, he led them on a high-speed chase on Highway 101.  Dadabhai exited the freeway and continued at dangerous speeds over local streets—running several red lights and stop signs—with police in close pursuit.  Dadabhai swerved into a shopping center parking lot, struck a light pole, collided with several parked cars and flipped the car upside-down.  Dadabhai's passenger, Amari Brown-Glaspie, was thrown from the car into the street and died at the scene from his injuries.  Police found Dadabhai sitting in the driver's seat of the overturned car still wearing his seat belt.  Police searched the area and found no occupants of the vehicle other than Brown-Glaspie.  Although Dadabhai smelled strongly of burnt marijuana and showed signs of impairment, officers did not administer any field sobriety tests.

At the scene of the crash police recovered the bus pass, business card and college identification card belonging to the robbery victim and later retrieved his credit card from Dadabhai's car.  Police also recovered his cell phone from the side of the highway along the chase route.

The Santa Clara County District Attorney charged Dadabhai by information with murder (§ 187, subd. (a)); gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)); second degree robbery (§§ 211, 212.5, subd. (c)); and evading a peace officer causing death (Veh. Code, § 2800.3, subd. (b)).  After the prosecution amended the

---

[2]  We grant respondent's request for judicial notice of the reporter's transcript of the preliminary hearing.

information, Dadabhai pleaded no contest to gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)); evading a peace officer causing death (Veh. Code, § 2800.3, subd. (b)); and second degree robbery (§ 212.5, subd. (c)). Dadabhai's counsel stipulated to a factual basis for his felony plea both in the plea form and at the plea hearing, without specifying the evidence that provided the factual basis for his plea.

Representing himself, Dadabhai petitioned under former section 1170.95 to vacate his manslaughter conviction and for resentencing. Dadabhai's form petition alleges he accepted a plea offer in lieu of a trial at which he could have been convicted of murder or attempted murder and that he could not presently be convicted of murder or attempted murder because of the changes made to Penal Code §§ 188 and 189, effective January 1, 2019. (§ 1170.95, subd. (a)(3).) Dadabhai's petition is not supported with any factual allegations regarding the robbery or the chase that resulted in Brown-Glaspie's death.

The district attorney opposed Dadabhai's petition, arguing Dadabhai is ineligible for resentencing because the only conceivable theory of his no contest plea is that he was the driver of the car making him the sole and direct perpetrator in Brown-Glaspie's death. The district attorney cited preliminary hearing testimony from the officer who led the pursuit and found Dadabhai after the crash still in the driver's seat with his seatbelt fastened. The district attorney also asserted felony murder could not have been charged as a matter of law because Dadabhai had reached a "place of temporary safety" in the time that had elapsed between the robbery and the start of the chase. (See *People v. Wilkins* (2013) 56 Cal.4th 333, 340–341 [" 'Under the felony-murder rule, a strict causal or temporal relationship between the felony and the murder is not required; what is required is proof beyond a reasonable doubt that the felony and murder were part of one continuous transaction….[which] may include a defendant's flight after the felony to a place of temporary safety.' "].)

The trial court appointed counsel for Dadabhai. Dadabhai's counsel argued he was eligible for resentencing because Dadabhai had faced a felony murder theory of

3

culpability and had accepted a plea to manslaughter rather than risking a greater sentence for murder under the felony murder rule. His counsel also argued the trial court could not rely on the preliminary hearing transcript because Dadabhai had not stipulated to the transcript as the factual basis for his plea.

Without considering the preliminary hearing transcript, the trial court denied Dadabhai's petition, concluding that his record of conviction established he was the sole and actual killer. The trial court concluded Dadabhai must have been the driver of the vehicle because he was convicted of violating Vehicle Code section 2800.3, which the court apparently believed could only apply to the driver of the pursued vehicle. The trial court inferred Brown-Glaspie was the victim based on the vehicular manslaughter charge listing him as the sole victim. With respect to Dadabhai's argument that he could have been prosecuted under a felony murder theory (with robbery as the underlying felony), the trial court found that even if Dadabhai could have been tried on that theory, the fact that he was the actual killer made him ineligible for resentencing.

## II.  DISCUSSION

### A. PRIMA FACIE ELIGIBILITY UNDER SECTION 1172.6

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) amended the felony murder rule and the natural and probable consequences doctrine "to ensure that murder liability is not imposed on a person *who is not the actual killer*, did not act with intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f), italics added.) To achieve that goal, the Legislature amended section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and amended section 189 to state a person can be liable for felony murder only if (1) "*[t]he person was the actual killer*"; (2) the person, with an intent to kill, was an aider or abettor "in the commission of murder in the first degree"; or (3) "[t]he person was a major participant in the underlying felony and acted

4

with reckless indifference to human life[.]"  (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3, italics added.)

A person convicted of manslaughter may petition under section 1172.6 to have that conviction vacated when a "complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder," the petitioner "accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder", and "petitioner could not presently be convicted of murder … because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)  But not every defendant convicted of manslaughter is entitled to resentencing.  (*People v. Strong* (2022) 13 Cal.5th 698, 710 (*Strong*); accord, *People v. Curiel*, 15 Cal.5th 433, 460.)  Relief is categorically "unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2.' (Pen. Code, § 189, subd. (e)(3); see § 1172.6, subd. (a).)"  (*Strong*, at p. 710; *People v. Delgadillo* (2022) 14 Cal.5th 216, 233.)

The "parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case" for relief under section 1172.6, subdivision (c).  (*People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*).)  Where a conviction results from a guilty plea, the record of conviction can include the preliminary hearing and change of plea transcripts.  (*People v. Reed* (1996) 13 Cal.4th 217, 223; *People v. Pickett* (2023) 93 Cal.App.5th 982, 988 (*Pickett*), review granted Oct. 11, 2023, S281643) [record of conviction may include preliminary hearing

transcript]; *People v. Sohal* (1997) 53 Cal.App.4th 911, 915 [reporter's transcript of plea is considered part of record of conviction].)[3]

In determining whether prima facie entitlement to relief has been shown, the trial court's inquiry will necessarily be informed by the record of conviction, which allows the court to distinguish "petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) In assessing a petition at the prima facie stage, the court may not engage in " 'factfinding involving the weighing of the evidence or the exercise of discretion.' " (*Id*. at p. 972.) Rather, the court must " ' "take[ ] [the] petitioner's factual allegations as true" ' " and make a " ' "preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Id*. at p. 971.) Summary denial is appropriate where the record of conviction establishes the petitioner is ineligible for resentencing as a matter of law. (*People v. Estrada* (2022) 77 Cal.App.5th 941, 945 (*Estrada*).) We independently review the question of whether a petitioner has made a prima facie showing. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

[3] We note that appellate courts are divided on the use of the preliminary hearing transcript in the prima facie determination, and the issue is pending before the California Supreme Court in *People v. Patton* (2023) 89 Cal.App.5th 649, 657 (review granted June 28, 2023, S279670), which held that a court may rely on the preliminary hearing transcript at the prima facie stage if the evidence is uncontroverted. (Compare *People v. Mares* (2024) 99 Cal.App.5th 1158, 1167 (*Mares*) [record of conviction, including preliminary hearing transcript, supported no theory other than the defendant acting alone as the actual killer], review granted May 1, 2024, S284232; *Pickett*, *supra*, 93 Cal.App.5th at pp. 992–993 ["Nothing in *Lewis* supports the proposition that the preliminary hearing transcript may 'inform the trial court's prima facie inquiry' only when the defendant has stipulated to the transcript as the factual basis for his plea."], review granted Oct. 11, 2023, S281643; and *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1166, with *People v. Davenport* (2021) 71 Cal.App.5th 476, 481 [error to rely on preliminary hearing transcript in making prima facie determination if the defendant did not stipulate to the transcript as a factual basis]; *People v. Williams* (2024) 103 Cal.App.5th 375, 397–403 [error to deny petition even where the defendant stipulated to preliminary hearing transcript as factual basis], review granted Sept. 11, 2024, S286314.)

## B. DADABHAI HAS NOT ESTABLISHED A PRIMA FACIE CASE

Because Dadabhai's conviction was based on his no contest plea, the preliminary hearing transcript is part of the record of conviction, and it should be considered in determining whether he has made a prima facie case for relief under section 1172.6. (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  The preliminary hearing transcript unequivocally establishes Dadabhai personally and actually inflicted fatal harm to Brown-Glaspie by crashing his car while fleeing police:  The officer who led the pursuit and witnessed the crash found Dadabhai still seated in the driver's seat of the overturned car with his seatbelt fastened, and Brown-Glaspie was the only other person who had been in the car. Based on our independent review, we conclude Dadabhai is not entitled to relief under section 1172.6 as a matter of law.

We are not persuaded otherwise by Dadabhai's assertion that his form petition creates a factual dispute that cannot be resolved using the preliminary hearing testimony when he had not stipulated to the transcript as the factual basis for his plea.  As the *Pickett* court observed, nothing in section 1172.6 or in *Lewis* suggests that the preliminary hearing transcript "may 'inform the trial court's prima facie inquiry' only when the defendant has stipulated to the transcript as the factual basis for his plea." (*Pickett*, *supra*, 93 Cal.App.5th at p. 993.)  Significantly here, the question of Dadabhai's eligibility for resentencing can be resolved as a matter of law without assessing witness credibility or weighing conflicting evidence, because nothing contradicts the officer's preliminary hearing testimony.  Further, Dadabhai's petition and briefing provide no alternative scenario in which he was not the driver of the car and not Brown-Glaspie's actual killer.

The parties disagree whether Dadabhai could have been prosecuted for felony murder given the time that elapsed between the robbery and the pursuit.  (*See*, *e.g.*, *People v. Russell* (2010) 187 Cal.App.4th 981, 987–988, discussing application of the escape doctrine in determining whether a killing and an underlying felony are part of one

continuous transaction.)  But even if Dadabhai could have been prosecuted for felony murder, the changes to the law do not alter the result because they apply only to *accomplices* "who were neither the actual killers nor intended to kill anyone."  (*Strong*, *supra*, 13 Cal.5th at p. 707.)  The implied malice theory of felony murder for *actual killers* remains unchanged by Senate Bill 1437. (*Strong*, at pp. 707–708.  See also *People v. Bodely* (2023) 95 Cal.App.5th 1193, 1205 [affirming denial of § 1172.6 petition where the record of conviction conclusively established the petitioner was solely responsible for the victim's death in the course of a burglary]; *Mares*, *supra*, 99 Cal.App.5th at p. 1166, review granted ["Senate Bill 1437 did not affect actual killer theories."].)

We acknowledge that the trial court was incorrect in reasoning Dadabhai must have been the driver and actual killer based on his plea to a violation of Vehicle Code section 2800.3, subdivision (b), because a non-driver accomplice may also be convicted under that section.  (See *People v. Anthony* (2019) 32 Cal.App.5th 1102; *People v. Campbell* (2023) 98 Cal.App.5th 350, 387–388 [affirming denial of non-driver accomplice § 1172.6 petition with respect to Veh. Code § 2800.3 convictions].)  But the error is of no consequence because the preliminary hearing transcript unequivocally establishes Dadabhai was the sole and actual killer.  (See *People v. Turner* (2020) 10 Cal.5th 786, 807 [" 'a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason.  If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.' "])

## III.   DISPOSITION

The order denying the Penal Code section 1172.6 petition for resentencing is affirmed.

_____

Grover, J.

**I CONCUR:**


_____

Bamattre-Manoukian, Acting P. J.

H050750
*People v. Dadabhai*

Lie, J., Dissenting:

Persuaded by the reasoning of the Fifth District Court of Appeal in *People v. Williams* (2024) 103 Cal.App.5th 375, review granted September 11, 2024, S286314, I see no basis in the record for distinguishing it.  I therefore respectfully dissent.

_____
LIE, J.

*People v. Dadabhai*
H050750